302 So.2d 781 (1974)
WINN-DIXIE STORES, INC., Appellant,
v.
Cynthia NALL and Johnny Nall, Individually and As Husband and Wife, Appellees.
No. 74-6.
District Court of Appeal of Florida, Third District.
October 22, 1974.
Rehearing Denied November 25, 1974.
Jeanne Heyward, Miami, Daniel V. Ligman, Coral Gables, for appellant.
Hawkesworth, Kay & Schmick and Ronald P. Ponzoli, Miami, for appellees.
Before PEARSON, HENDRY and NATHAN, JJ.
NATHAN, Judge.
Appellant, defendant in the trial court, seeks review of the damage award of an amended final judgment rendered pursuant to a jury verdict in favor of the plaintiff in a personal injury action.
On December 8, 1971, while shopping in a Winn-Dixie Store, plaintiff, Cynthia Nall, slipped on some foreign matter in the aisle, allegedly bath oil, and fell, sustaining injuries.
The jury found Mrs. Nall 35 per cent negligent and the defendant 65 per cent negligent and awarded plaintiff judgment for money damages.
We consider the salient issues on appeal to be whether the trial court erred in instructing the jury on (1) aggravation of pre-existing disease or physical defect which had not been pleaded in the complaint and on (2) nursing care which had not been brought out by testimony or other evidence.
Instructions to the jury must be predicated upon facts in proof. Therefore, it is, of course, improper to charge on an issue where either no material evidence or no evidence at all has been submitted. See *782 Bessett v. Hackett, Fla. 1953, 66 So.2d 694. In the case sub judice, there is sufficient evidence from medical witnesses in the record to support the court's instruction on aggravation of a pre-existing condition. While the record does show some evidence as to nursing care and the cost thereof, this evidence was meager to justify the charge. However, inasmuch as the instruction did not relate materially to the total amount of the damages awarded by the jury, the error, if any, is harmless. See Fla. Stat. § 59.041.
We have also considered appellant's remaining points on appeal and find them without merit.
Affirmed.