723 So.2d 293 (1998)
Leroy THOMAS, Appellant,
v.
Juanza PERKINS and John R. Perkins, Appellees.
Nos. 98-385
District Court of Appeal of Florida, Third District.
October 21, 1998.
Rehearing Denied February 3, 1999.
Leroy Thomas, in proper person.
Robert E. Paige, Miami, for appellee.
*294 Before SCHWARTZ, C.J., and GERSTEN and GREEN, JJ.
PER CURIAM.
This is the third appeal of this cause before this court. In the first appeal, Wilson v. Satellite Mike, Inc., 691 So.2d 1110 (Fla. 3d DCA), review dismissed, 697 So.2d 513 (Fla.1997), we affirmed the lower court's involuntary dismissal of the appellant's amended complaint with prejudice. In the second appeal, Perkins v. Wilson, 697 So.2d 1276 (Fla. 3d DCA 1997) ("Wilson II"), we reversed the lower court's denial of attorney's fees and costs to appellees pursuant to their offer made in accordance with section 768.79, Florida Statutes (1995), and remanded for a determination of a reasonable amount. Appellant Leroy Thomas now appeals the judgment awarding attorney's fees and costs.
On this appeal, Thomas first attempts to challenge, on various grounds, the propriety of the appellees' entitlement to fees and costs pursuant to section 768.79 on various grounds. Under the doctrine of res judicata, our decision in Wilson II, however, forecloses all of such arguments. This doctrine precludes Thomas from raising any issues which were or should have been raised in the Wilson II appeal regarding the appellees' entitlement to fees and costs. See Walker v. Walker, 566 So.2d 1350, 1352 (Fla. 1st DCA 1990); Braden v. Braden, 436 So.2d 914, 915 (Fla. 2d DCA 1983).
Alternatively, Thomas argues that the fees and costs awarded by the trial court were excessive. Our standard of review on this issue is abuse of discretion. See Patterson v. Cuervo, 683 So.2d 205, 206 (Fla. 3d DCA 1996); Elliot v. Pallotti, 654 So.2d 1300, 1302 (Fla. 5th DCA 1995). We note, however, that the record before us does not contain a transcript of the hearing that was held to determine the amount of fees and costs. In the absence of a record of the evidence considered by the trial court in making this award, we cannot find that the trial court abused its discretion and must therefore affirm. See Girtman v. Girtman, 693 So.2d 631, 632 (Fla. 2d DCA 1997); Novom v. Novom, 513 So.2d 789, 790 (Fla. 3d DCA 1987).
Affirmed.