GREEN, J.
The Florida Department of Transportation (“DOT”) appeals an adverse final judgment entered pursuant to a jury verdict in this personal injury action. We affirm.
The appellee, Angelo Juliano, a former correctional officer, employed by the Florida Department of Corrections (“DOC”)[1] was injured when he tripped on a large bump in the floor of a mobile weigh station operated by the DOT. At the time of Juli-ano’s accident, the DOT had a contract with the DOC for the use of its inmates to clean the DOT’S weigh station under the supervision of the DOC correctional officers. Juliano was supervising inmates at the weigh station when he tripped and injured himself. Juliano received workers’ compensation benefits for his injuries from the DOC and filed this personal injury action against the DOT for additional damages. The DOT moved for summary judgment on grounds that the workers’ compensation immunity defense involving the “unrelated works” exception found in section 440.11(1), Florida Statutes. (1997) precluded this lawsuit. That motion was denied by the trial court and affirmed on appeal by this court. See Florida Dept. of Transp. v. Juliano, 664 So.2d 77 (Fla. 3d DCA 1995).
On remand, the DOT filed a second motion for summary judgment based again on the workers’ compensation exemption. This time, the DOT argued that the Florida Supreme Court’s holding in Holmes County School Board v. Duffell, 651 So.2d 1176 (Fla.1995), precluded an employee from maintaining a negligence suit against his employer, due to the negligent acts of a supervisor, in the absence of allegations and proof of the supervisor’s criminal negligence. The trial court denied and rejected this second motion as a mere relit-igation of the first motion for summary judgment. The case then proceeded to trial with a verdict being ultimately entered in Juliano’s favor. This appeal followed.
For its first issue on appeal, the DOT asserts that the denial of its second motion for summary judgment on the workers’ compensation exemption was error. We conclude, however, that the doctrine of res judicata precluded the DOT from raising or reraising any aspect of its workers’ compensation defense on remand after the first appeal of this cause. See Thomas v. Perkins, 723 So.2d 293, 294 (Fla. 3d DCA 1998) (under the doctrine of res judicata, appellant is precluded from raising any issues which were or should have been raised on first appeal).
For its second argument, the DOT contends that it was unfairly prejudiced by a special jury instruction concerning the distraction rule because the issue of Juliano’s distraction at the time of his accident was not framed by the pleadings and evidence. We find no merit to this argument. Given Juliano’s deposition and trial testimony that his attention and eye contact was focused on the inmates and not on the bump in the floor at the time of the accident, the distraction issue, at the very least, was tried by implied consent. See C.A. Davis, Inc. v. City of Miami, 400 So.2d 536, 540 (Fla. 3d DCA 1981) (when plaintiff failed to object to evidence not included in counterclaim issue was tried by implied consent); see also Department of Rev. of the State of Florida v. Vanjaria *479 Enters., Inc., 675 So.2d 252, 254 (Fla. 5th DCA 1996) (holding that “[a]n issue is tried by consent where the parties fail to object to the introduction of evidence on the issue.”). Moreover, given the fact that the jury found Juliano to be thirty percent (30%) comparatively negligent, the jury obviously rejected Juliano’s distraction as an excuse. Thus, the giving of this special instruction, at best, constituted harmless error. See e.g. Aetna Cas. and Sur. Co. v. Seacoast Transp. Co., 528 So.2d 480, 481 (Fla. 3d DCA 1988) (trial court’s comparative negligence instruction in negligence action was harmless error where jury returned special verdict finding no negligence on defendant’s part); cf. Kinya v. Lifter, Inc., 489 So.2d 92, 94 (Fla. 3d DCA 1986) (failure to give concurring cause instruction harmless error where jury never reached the issue); McDaniel v. Prysi, 432 So.2d 174, 175 (Fla. 2d DCA 1983) (no prejudice in personal injury action when court gave improper cautionary instruction and jury never reached the issue).
The DOT next asserts that it was unfairly prejudiced by a jury instruction on the aggravation of a preexisting condition when there was no evidence that any preexisting condition existed. See Winn-Dixie Stores, Inc. v. Nall, 302 So.2d 781-82 (Fla. 3d DCA 1974). Although Juliano did not make a claim for the aggravation of a preexisting condition, the trial court decided to give this instruction after the DOT stated that it was going to argue that Juliano had had problems with his leg prior to this accident. Having elected to argue the issue of the aggravation of a preexisting condition, DOT cannot now complain about the giving of a jury instruction regarding this issue. See e.g., Behar v. Southeast Banks Trust Co., N.A., 374 So.2d 572, 575 (Fla. 3d DCA 1979) (stating that “[o]ne who has contributed to alleged error will not be heard to complain on appeal.”); Arsenault v. Thomas, 104 So.2d 120, 122 (Fla. 3d DCA 1958) (providing that “[wjhere a litigant requests and receives a favorable ruling, he cannot later on appeal be heard to complain of the actions of the trial judge in acceding to his requests.”). Although we find the giving of this instruction to be erroneous in the absence of any evidence in support of a preexisting injury, we conclude that any such error was harmless in this case inasmuch as the instruction did not relate materially to the total amount of the damages awarded by the jury. Nall, 302 So.2d at 782; see also Metropolitan Dade County v. Brill, 414 So.2d 626 (Fla. 3d DCA 1982).
Finally, the DOT argues that the trial court abused its discretion when it permitted evidence of subsequent remedial measures to the floor at the weigh station in violation of section 90.407, Florida Statutes (1991). We disagree. Given the DOT’s evidence and argument throughout this litigation that it was not feasible to repair the floor of the weigh station, the trial court properly permitted evidence of repairs made to the weigh station after Juliano’s accident for impeachment and/or rebuttal purposes. See Morowitz v. Vistaview Apartments, Ltd., 613 So.2d 493, 495 (Fla. 3d DCA 1993); Currie v. Palm Beach County, 578 So.2d 760, 763 (Fla. 4th DCA 1991).
Thus, finding no reversible error, we affirm the judgment under review.
Affirmed.
LEVY, J., concurs.

. As a result of his injuries, Juliano was termi-naled as a correctional officer.