801 So.2d 101 (2001)
FLORIDA DEPARTMENT OF TRANSPORTATION, Petitioner,
v.
Angelo JULIANO, Respondent.
No. SC99-153.
Supreme Court of Florida.
November 21, 2001.
*103 Dirk M. Smits and H. Joseph Calmbach of Vernis & Bowling of the Florida Keys, P.A., Islamorada, FL, for Petitioner.
L. Barry Keyfetz of Keyfetz, Asnis & Srebnick, P.A., Miami, FL, for Respondent.
Joseph H. Williams of Troutman, Williams, Irvin, Green & Helms, P.A., Winter Park, FL, for The Academy of Florida Trial Lawyers, Amicus Curiae.
PARIENTE, J.
We have for review Florida Department of Transportation v. Juliano, 744 So.2d 477 (Fla. 3d DCA 1999) ("Juliano II"), a decision from the Third District Court of Appeal that misapplies this Court's holding in United States Concrete Pipe v. Bould, 437 So.2d 1061, 1063 (Fla.1983). Based on the conflict created by this misapplication, we have jurisdiction under article V, section 3(b)(3), of the Florida Constitution. See Vest v. Travelers Ins. Co., 753 So.2d 1270, 1272 (Fla.2000); Pender v. State, 700 So.2d 664, 665 (Fla.1997).

FACTS
The underlying facts are recited in the Third District's opinion:
Angelo Juliano, a former correctional officer, employed by the Florida Department of Corrections ("DOC"),[note 1] was injured when he tripped on a large bump in the floor of a mobile weigh station operated by the DOT [Florida Department of Transportation]. At the time of Juliano's accident, the DOT had a contract with the DOC for the use of its inmates to clean the DOT's weigh station under the supervision of the DOC correctional officers. Juliano was supervising the inmates at the weigh station when he tripped and injured himself.
[Note 1: As a result of his injuries, Juliano was terminated as a correctional officer.]
Juliano II, 744 So.2d at 478.
Juliano received workers' compensation benefits from DOC for his injuries and subsequently filed a third-party tort action for personal injuries against DOT for negligence in maintaining the weigh station. DOT moved for summary judgment on the grounds that it was entitled to workers' compensation immunity because the "unrelated works" exception under section 440.11(1), Florida Statutes (1997),[1] did not apply. DOT contended that the exception did not apply because Juliano failed to name any specific employee of DOT whom Juliano alleged to be negligent. In addition, DOT argued that Juliano had neither alleged nor shown any specific actions on the part of DOT's employees that were negligent. In response, Juliano argued that it was unnecessary to name a particular employee for the "unrelated works" exception to apply. Moreover, in Juliano's written response to DOT's summary judgment motion, he identified two specific DOT supervisors who Juliano alleged had been negligent: a safety specialist named Mary Lou and Sergeant Wyse. Juliano also argued that DOT was not entitled to summary judgment because a disputed genuine issue of material fact existed as to whether Sergeant Wyse was negligent. The trial court denied the motion for summary judgment, concluding that disputed genuine issues of material fact existed and *104 that the jury was entitled to decide whether there was negligence on the part of the DOT employees.
DOT filed an interlocutory appeal of this order[2] and it framed the issue on appeal as whether a "claimant who has accepted workers' compensation benefits and has also brought suit in personal injury against his employer must identify the fellow employee accused of negligence." Juliano asserted that under this Court's opinion in Holmes County School Board v. Duffell, 651 So.2d 1176 (Fla.1995), he was not required to identify the negligent fellow employee.[3] Moreover, Juliano contended that because he named Mary Lou and Sergeant Wyse as the negligent coworkers, DOT's appeal was moot. The Third District affirmed per curiam with a citation to Holmes. See Florida Dep't. of Transp. v. Juliano, 664 So.2d 77, 77 (Fla. 3d DCA 1995) ("Juliano I").
On remand, DOT filed a second motion for summary judgment. This time, DOT argued that an employee could not sue a supervisor under the "unrelated works" exception unless the employee could demonstrate that the supervisor engaged in conduct that amounted to culpable negligence. The trial court denied DOT's second summary judgment motion as "a mere relitigation of the first motion for summary judgment." Juliano II, 744 So.2d at 478. The case proceeded to trial with a verdict being entered in Juliano's favor. See id.
DOT appealed the final judgment. Among the issues raised on appeal, DOT argued that the trial court erred in denying its second motion for summary judgment. See id. In rejecting this argument, the Third District concluded that
the doctrine of res judicata precluded the DOT from raising or reraising any aspect of its workers' compensation defense on remand after the first appeal of this cause. See Thomas v. Perkins, 723 So.2d 293, 294 (Fla. 3d DCA 1998) (under the doctrine of res judicata, appellant is precluded from raising any issues *105 which were or should have been raised on first appeal).
Id. This appeal follows.

THE DOCTRINES OF RES JUDICATA AND THE LAW OF THE CASE
In this case, we must determine whether the Third District properly applied the doctrine of res judicata to preclude DOT from raising a distinct aspect of its defense that it did not raise in the first non-final appeal. In analyzing this issue, it is incumbent upon this Court to first review the important differences regarding the doctrine of res judicata and the related doctrine of the law of the case.
This Court has explained that under the doctrine of res judicata:
A judgment on the merits rendered in a former suit between the same parties or their privies, upon the same cause of action, by a court of competent jurisdiction, is conclusive not only as to every matter which was offered and received to sustain or defeat the claim, but as to every other matter which might with propriety have been litigated and determined in that action.
Kimbrell v. Paige, 448 So.2d 1009, 1012 (Fla.1984) (emphasis supplied) (quoting Wade v. Clower, 94 Fla. 817, 114 So. 548, 552 (1927)). Based on principles of res judicata, a judgment on the merits will thus bar "a subsequent action between the same parties on the same cause of action." Youngblood v. Taylor, 89 So.2d 503, 505 (Fla.1956) (emphasis supplied). Importantly, the doctrine of res judicata not only bars issues that were raised, but it also precludes consideration of issues that could have been raised but were not raised in the first case. See id.
As explained more fully in McGregor v. Provident Trust Company, 119 Fla. 718, 162 So. 323, 327 (1935):
Inhering in all courts of civilized nations and, as is said in one case, an obvious rule of expediency and justice, res adjudicata is a fundamental doctrine universally recognized. No better enunciation of it, perhaps, can be found than that given by Black in his work on Judgments. He states it in two main rules, as follows: First, a point which was actually and directly in issue in a former suit, and was there judicially passed upon and determined by a domestic court of competent jurisdiction, cannot again be drawn in question in any future action between the same parties or their privies, whether the causes of action in the two suits be identical or different; and, Second, a judgment rendered by a court of competent jurisdiction, on the merits, is a bar to any future suit between the same parties or their privies upon the same cause of action, so long as it remains unreversed. Black on Judgments (2d Ed.) vol. 2, § 504.
Thus, the doctrine of res judicata provides finality to judgments, predictability to litigants, and stability to judicial decisions.
Where successive appeals are taken in the same case there is no question of res judicata, because the same suit, and not a new and different one, is involved. See Beverly Beach Props., Inc. v. Nelson, 68 So.2d 604, 607 (Fla.1953). Under these circumstances, the doctrine of the law of the case applies. The doctrine of the law of the case is also a principle of judicial estoppel, but it is more limited and more flexible in scope. The doctrine of the law of the case requires that questions of law actually decided on appeal must govern the case in the same court and the trial court, through all subsequent stages of the proceedings. See Greene v. Massey, 384 So.2d 24, 28 (Fla.1980) ("All points of law which have been adjudicated become the law of the case and are, except in exceptional *106 circumstances, no longer open for discussion or consideration in subsequent proceedings in the case."); Strazzulla v. Hendrick, 177 So.2d 1, 3 (Fla.1965). Under the law of the case doctrine, a trial court is bound to follow prior rulings of the appellate court as long as the facts on which such decision are based continue to be the facts of the case. See McGregor, 162 So. at 327. Moreover, even as to those issues actually decided, the law of the case doctrine is more flexible than res judicata in that it also provides that an appellate court has the power to reconsider and correct an erroneous ruling that has become the law of the case where a prior ruling would result in a "manifest injustice." Strazzulla, 177 So.2d at 5.
As to the scope of the law of the case doctrine, this Court in U.S. Concrete, 437 So.2d at 1063, explained that the doctrine is "limited to rulings on questions of law actually presented and considered on a former appeal." (Emphasis supplied.) See also Two M. Dev. Corp. v. Mikos, 578 So.2d 829, 830 (Fla. 2d DCA 1991). By reaffirming the principle articulated in earlier decisions that the law of the case doctrine is limited to questions of law actually presented and considered on a former appeal, U.S. Concrete was consistent with prior cases from this Court. See, e.g., Greene, 384 So.2d at 28; Strazzulla, 177 So.2d at 3; Finston v. Finston, 160 Fla. 935, 37 So.2d 423, 424 (1948). Additionally, the law of the case doctrine may foreclose subsequent consideration of issues implicitly addressed or necessarily considered by the appellate court's decision. See Dade County Classroom Teachers' Ass'n v. Rubin, 238 So.2d 284, 289 (Fla.1970); Dicks v. Jenne, 740 So.2d 576, 578 (Fla. 4th DCA 1999).
A corollary of the law of the case doctrine is that a lower court is not precluded from passing on issues that "have not necessarily been determined and become law of the case." Greene, 384 So.2d at 27. As stated in Wilder v. Punta Gorda State Bank, 100 Fla. 517, 129 So. 865, 866 (1930), the law of the case doctrine "has no applicability to, and is not decisive of, points presented upon a second writ of error that were not presented upon a former writ of error and consequently were not before the appellate court for adjudication."
Although the scope of the law of the case doctrine would appear to be settled by this Court, several district courts have cited in dicta to this Court's prior decision in Airvac, Inc. v. Ranger Insurance Co., 330 So.2d 467 (Fla.1976), for the proposition that the law of the case doctrine applies where the issue could have been but was not raised.[4] Indeed, based upon this Court's decisions in Airvac and U.S. Concrete, two appellate commentators have termed the law of the case doctrine to be "a misunderstood doctrine for which there is an irreconcilable conflict in Florida law." Raymond T. Elligett, Jr., & Charles P. Schropp, Law of the Case, Fla. B.J. July-Aug.1985, at 23, 23.[5]
*107 Although this Court's decision in Airvac may have caused some confusion over the scope of the law of the case doctrine, an understanding of the procedural posture of Airvac explains the result reached in that case. In Airvac, the trial court had initially denied a request by the defendant to amend his answer to include a fraudulent conveyance defense eighteen months after answering and four days before trial. 330 So.2d at 468. The first trial ended in a directed verdict for the defendant, and on appeal by the plaintiff, the defendant failed to raise the trial court's denial of its motion to amend its pleadings on cross-appeal. See id. After the appellate court reversed the directed verdict and remanded for a determination of several factual issues, but before retrial, the defendant again sought to amend its answer to include a fraudulent conveyance defense, which the trial court did not permit. See id. at 469. After a verdict in favor of the plaintiff, the defendant asserted as an issue on appeal error in the trial court failing to allow the defendant to amend its answer. The appellate court reversed, holding that the trial court erred in not allowing the defendant's post-appeal amendment. See id. This Court quashed the appellate court's decision, concluding that no error occurred and stating:
The record sub judice clearly shows that [defendant] had full knowledge of the purported "fraudulent conveyance" prior to the initial trial; that it sought by amendment to submit that issue to the court; that it had full opportunity to perfect an appeal, assign as error or otherwise present the issue of the denial of its motion to the appellate court on the initial appeal but did not, thereby waiving any objection to the trial court's rejection of its amendment of the issue.

Id. (emphasis supplied).
Despite the fact that the Court enunciated the law of the case doctrine in concluding that on remand the defendant could not amend its complaint to include a fraudulent conveyance defense, see id. at 469, this Court decided Airvac on principles of waiver; i.e., the failure of a party to raise an issue on appeal that was the subject of the trial court's ruling. To the extent that Airvac has been construed broadly to stand for the proposition that the law of the case doctrine bars consideration of issues that were neither raised by the parties nor decided by the appellate court in the prior appeal, it is in conflict with our subsequently decided case of U.S. Concrete, which restricts application of law of the case to issues that were decided in a prior appeal. Therefore, we recede from Airvac to the extent it is inconsistent with U.S. Concrete.
In summary, the doctrines of the law of the case and res judicata differ in two important ways. First, law of the case applies only to proceedings within the same case, see Beverly Beach, 68 So.2d at 607, while res judicata applies to proceedings in different cases. See Strazzulla, 177 So.2d at 3. Second, the law of the case doctrine is narrower in application in that it bars consideration only of those legal issues that were actually considered and decided in a former appeal, see U.S. Concrete, 437 So.2d at 1063, while res judicata bars relitigation in a subsequent cause of action not only of claims raised, but also claims that could have been raised. See Youngblood, 89 So.2d at 505.

THIS CASE
Because this case involves the issue of what preclusive effect the prior appeal affirming the denial of summary judgment should have on the trial court in the same case and in a subsequent appeal in the same case, the doctrine of res judicata *108 is inapplicable under these circumstances. Accordingly, the Third District erred as a matter of law when it relied on the doctrine of res judicata to preclude DOT from raising any aspect of its workers' compensation defense on remand after the first appeal.
Juliano argues, however, that the related doctrine of the law of the case nevertheless precludes reconsideration of the standard of negligence. Although DOT did not actually argue the appropriate standard of negligence under the "unrelated works" exception in its first motion for summary judgment, Juliano asserts that the Third District impliedly or necessarily decided the issue in the first appeal of DOT's motion for summary judgment.
We disagree. In this case, the scope of the issues in the first motion for summary judgment and the non-final appeal of the denial of that motion were limited to whether Juliano was required to specifically identify the names of the negligent employees in order to be entitled to invoke the "unrelated works" exception to section 440.11(1). Neither DOT's first summary judgment motion, the trial court's order denying the summary judgment motion, nor the issues raised or briefed by the parties on the first appeal addressed the appropriate standard of negligence applicable to supervisory employees who are sued under the "unrelated works" exception. The issue regarding the appropriate standard of negligence was not before the Third District when it affirmed the trial court's order denying summary judgment.[6] Therefore, the matter of the appropriate standard of negligence was neither necessarily nor implicitly decided in the first interlocutory appeal. Compare Bakker v. First Federal Sav. & Loan Ass'n, 575 So.2d 222, 224 n. * (Fla. 3d DCA 1991) (stating that because issue in original motion for summary judgment involved whether a release barred the plaintiff's claims, the defendant's subsequent motion for summary judgment based on the merits of plaintiff's claims was not precluded by the law of the case doctrine), with Valsecchi, 502 So.2d at 1311 (holding that where trial court initially concluded that Florida law applied in choice of law issue as between Florida and North Carolina, and that decision was affirmed on appeal, appellant was precluded from asserting that a different state's law applied on remand because the district court decided by implication that no other state's law was applicable). The law of the case doctrine thus did not preclude either the trial court or the appellate court from considering the issues raised in DOT's second motion for summary judgment.
Further, where a previous appellate court has given no explanation for its decision, a subsequent appellate court is not bound by the law of the case unless a determination concerning the propriety of the trial court's order is necessarily inconsistent with every possible correct basis for the earlier rulings of the appellate court. In Juliano I, 664 So.2d at 77, the Third District's entire opinion simply stated "Affirmed. Holmes County School Bd. v. Duffell, 651 So.2d 1176 (Fla.1995)." One possible correct basis for the Third District's first decision affirming the denial of summary judgment is that Holmes did not *109 require Juliano to expressly name the fellow employees who are alleged to be negligent. This determination is independent of whether a culpable negligence standard was required for supervisory employees engaged in unrelated works. In addition, "[t]here is no prohibition on the presentation of successive motions for summary judgment." Bakker, 575 So.2d at 224.
For all these reasons, on remand from the non-final appeal affirming the denial of the motion for summary judgment on the ground that Juliano failed to name specific employees under section 440.11(1), the law of the case doctrine did not preclude either the trial court or the Third District from considering whether section 440.11(1) requires that an employee demonstrate that his or her supervisor was culpably negligent in order to be entitled to relief pursuant to that section. Accordingly, we quash the decision of the Third District and remand for proceedings consistent with this opinion.[7]
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, LEWIS, and QUINCE, JJ., concur.
NOTES
[1] The "unrelated works" exception under section 440.11(1), Florida Statutes (1997), provides that workers' compensation immunity is not "applicable to employees of the same employer when each is operating in the furtherance of the employer's business but they are assigned primarily to unrelated works within private or public employment."
[2] Although prior case law allowed interlocutory appeals of denials of summary judgment based on workers' compensation immunity where disputed issues of material fact existed, see Breakers Palm Beach, Inc. v. Gloger, 646 So.2d 237 (Fla. 4th DCA 1994), this Court amended Florida Rule of Appellate Procedure 9.130(a)(3)(C)(vi) in 1996 to clarify that appeals of orders denying summary judgment asserting workers' compensation immunity may only be taken when the denial is as a matter of law. See Hastings v. Demming, 694 So.2d 718, 719 (Fla.1997). Therefore, although DOT appealed its first motion for summary judgment in 1995, and did not have the benefit of the 1996 amendment to rule 9.130(a)(3)(C)(vi), it is clear that DOT would have been precluded from appealing the trial court's denial of its motion for summary judgment based upon the existence of a genuine factual dispute had it done so after 1996.
[3] In Holmes, this Court considered the interrelationship of the sovereign immunity statute, section 768.28(9), Florida Statutes (1991), and the "unrelated works" exception to workers' compensation immunity under section 440.11(1) as applied to a public employer. 651 So.2d at 1177-78. As this Court explained in Holmes, section 768.28(9) immunizes public employees from personal liability for torts by requiring any civil action for the employee's negligence to be maintained against the governmental entity itself. See id. at 1178. Thus, reading the two statutes together, this Court concluded that an injured public employee's exclusive remedy for a public employee's negligence was an action against the public employer "unless such act or omission was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property." Id. at 1178. The Court explained that, in essence, the employer "is being sued as a surrogate defendant based on the negligent acts of ... a fellow public employee." Id. at 1179.
[4] See, e.g., Ciffo v. Public Storage Mgmt., Inc., 622 So.2d 1053, 1054 (Fla. 4th DCA 1993) (citing Airvac for the proposition that the law of the case principle also applies where the issue could have been raised but was not raised); Williams v. City of Minneola, 619 So.2d 983, 987 (Fla. 5th DCA 1993) (same); Federal Deposit Ins. Corp. v. Hemmerle, 592 So.2d 1110, 1116 (Fla. 4th DCA 1991) (same); Valsecchi v. Proprietors Ins. Co., 502 So.2d 1310, 1311 (Fla. 3d DCA 1987) (same).
[5] In a subsequent article, Elligett and Schopp elaborate on the continuing confusion with the law of the case doctrine in the appellate courts. See Raymond T. Elligett, Jr., & Charles P. Schropp, Law of the Case Revisited, Fla. B.J. Mar. 1994, at 48.
[6] Indeed, there is a question as to whether the Third District in Juliano I would have entertained an argument from DOT urging reversal of the trial court's order denying summary judgment based on a ground not raised or argued below, i.e., that culpable negligence governed. Moreover, in this case, the Airvac principle of waiver is inapplicable because the standard of negligence under the unrelated works doctrine was not the subject of the initial motion for summary judgment.
[7] Although both DOT and Juliano raise as an issue before this Court whether culpable negligence is the proper standard under section 440.11(1), because the Third District erroneously concluded that it was precluded from addressing this issue based upon the doctrine of res judicata, the better approach is for the Third District to consider this issue on remand.