804 So.2d 493 (2001)
PARKER FAMILY TRUST I, Petitioner,
v.
The CITY OF JACKSONVILLE and The City Council of the City of Jacksonville, Respondents.
No. 1D01-353.
District Court of Appeal of Florida, First District.
December 17, 2001.
*495 T.R. Hainline, Jr., and Steven Diebenow of Rogers, Towers, Bailey, Jones & Gay, P.A., Jacksonville, for Petitioner.
Richard A. Mullaney, General Counsel, City of Jacksonville; and Karl J. Sanders, Edwards & Cohen, P.A., Jacksonville, for Respondents.
Paul M. Harden, Jacksonville, for Amici Curiae Florida Home Builders Association, Northeast Florida Builders Association and Association of Florida Community Developers, Inc.
*496 WEBSTER, J.
Parker Family Trust I seeks review, by a petition for writ of certiorari, of a circuit court order denying its Motion for Enforcement and, in the Alternative, Petition for Writ of Certiorari or Writ of Mandamus by which it sought review of action taken by the Jacksonville City Council on a rezoning request. We conclude that the circuit court failed to apply the correct law in reaching its decision. Accordingly, we grant the petition for writ of certiorari, quash the circuit court's order, and remand for further proceedings.

I.
In March 1998, the Trust filed an application seeking rezoning of certain property located in Jacksonville. Notwithstanding a recommendation by the Jacksonville Planning and Development Department that the application be granted, following a hearing, the City Council voted to deny it. The Trust sought review of that decision by a petition for writ of certiorari filed in the circuit court. The circuit court held that the Trust had demonstrated that the requested rezoning was consistent with the City's comprehensive plan and in compliance with all procedural requirements of the zoning ordinance, but that the City had failed to establish by competent, substantial evidence that its refusal to rezone the property was not arbitrary, discriminatory or unreasonable. Accordingly, citing Board of County Commissioners of Brevard County v. Snyder, 627 So.2d 469 (Fla. 1993), the circuit court vacated the denial, and remanded to the City Council for "such further proceedings as may be appropriate and consistent" with its order. The City then sought review in this court. We denied that petition for writ of certiorari without comment. City of Jacksonville v. Parker Family Trust I, 754 So.2d 27 (Fla. 1st DCA 2000) (table).
On remand, the City Council allowed opponents of the rezoning request to bolster their lay testimony offered at the original hearing by presenting, over the Trust's objection, the testimony of a professional planner. The planner offered opinions regarding consistency of the requested rezoning with the comprehensive plan, compliance with zoning code criteria and the compatibility of the proposed development with other zoning and uses in the area. In addition, the Trust and the City's Planning and Development Department were allowed to present evidence regarding rezonings in the same area as the Trust's property that had occurred since the original hearing, and that had permitted land uses similar to that requested by the Trust. The City Council again denied the request, and the Trust again sought review in the circuit court, by its Motion for Enforcement and, in the Alternative, Petition for Writ of Certiorari or Writ of Mandamus.
In its Motion, the Trust argued (among other things) that the City Council's denial of its request violated the doctrine of the law of the case because the opponents had not presented any evidence that any of the relevant facts had changed since the original hearing. According to the Trust, because there had been no evidence presented by the opponents of any material change in circumstances since the original hearing, the City Council was obliged to follow the circuit court's previous ruling that the requested rezoning was consistent with the City's comprehensive plan and in compliance with all procedural requirements of the zoning ordinance, and that the denial had not been supported by competent, substantial evidence. It could not simply ignore that ruling and hold a new hearing. The City responded by arguing that neither the law of the case doctrine nor any other law precluded the City *497 Council from holding another hearing and receiving additional evidence. In its order denying the Trust's motion, the circuit court held that the professional planner's testimony constituted competent, substantial evidence sufficient to support the denial of the Trust's rezoning request. Nothing in the circuit court's order suggests consideration of the Trust's law of the case argument, or application of that doctrine to determine the propriety of the City Council's actions following remand. The Trust now seeks review in this court by certiorari.

II.
The Trust's petition seeks what our supreme court has referred to as "`second-tier' certiorari review." Fla. Power & Light Co. v. City of Dania, 761 So.2d 1089, 1092 (Fla.2000). Accord Dusseau v. Metro. Dade County Bd. of County Comm'rs, 794 So.2d 1270, 1274 (Fla.2001) (citing Fla. Power & Light Co. v. City of Dania). In such a case, our review is limited to determining whether the circuit court (1) "afforded procedural due process" and (2) "applied the correct law." City of Deerfield Beach v. Vaillant, 419 So.2d 624, 626 (Fla.1982). The Trust does not suggest that its right to procedural due process of law was infringed upon. Rather, it argues that the circuit court's decision must be quashed because that court did not apply the correct law. Accordingly, we look to the circuit court's order to ascertain whether it reflects application of the correct law.

III.

A.
Proceedings such as that conducted by the City Council, which address rezoning applications of the type submitted by the Trust, are quasi-judicial in nature. Bd. of County Comm'rs of Brevard County v. Snyder, 627 So.2d 469, 474 (Fla.1993). In such a proceeding,
a landowner seeking to rezone property has the burden of proving that the proposal is consistent with the comprehensive plan and complies with all procedural requirements of the zoning ordinance. At this point, the burden shifts to the governmental board to demonstrate that maintaining the existing zoning classification with respect to the property accomplishes a legitimate public purpose.... [T]he board will ... have the burden of showing that the refusal to rezone the property is not arbitrary, discriminatory, or unreasonable. If the board carries its burden, the application should be denied.
Id. at 476. Decisions made as the result of such proceedings are reviewable by a petition for writ of certiorari filed in the circuit court. Id. at 474-75. Accord Fla. Power & Light Co. v. City of Dania, 761 So.2d 1089, 1092 (Fla.2000). "Although termed `certiorari' review, review at this level is not discretionary but rather is a matter of right and is akin in many respects to a plenary appeal." Id. (footnote omitted). In such a case, "the circuit court must determine [1] whether procedural due process [wa]s accorded, [2] whether the essential requirements of the law have been observed, and [3] whether the administrative findings and judgment are supported by competent substantial evidence." City of Deerfield Beach v. Vaillant, 419 So.2d 624, 626 (Fla.1982).

B.
"The doctrine of the law of the case is ... a principle of judicial estoppel." Fla. Dep't of Transp. v. Juliano, 801 So.2d 101, 102 (Fla. 2001). It applies when "successive appeals are taken in the same case." Id. It requires that questions of law actually decided on appeal must govern *498 the case in the appellate court and in the lower tribunal in all subsequent stages of the proceeding. Id. Its purpose is "to lend stability to judicial decisions and the jurisprudence of the state, as well as to avoid `piecemeal' appeals and to bring litigation to an end as expeditiously as possible." Strazzulla v. Hendrick, 177 So.2d 1, 3 (Fla.1965). Although the doctrine is "a self-imposed restraint that courts abide by," State v. Owen, 696 So.2d 715, 720 (Fla.1997), once made by the appellate court, such decisions "will seldom be reconsidered or reversed, even though they appear to have been erroneous." McGregor v. Provident Trust Co. of Philadelphia, 119 Fla. 718, 728, 162 So. 323, 327 (1935). Reconsideration will occur only when "`manifest injustice' will result from a strict and rigid adherence to the rule." Strazzulla, 177 So.2d at 4. "Under the law of the case doctrine, a trial court is bound to follow prior rulings of the appellate court as long as the facts on which such decision are based continue to be the facts of the case." Juliano, 801 So.2d at 102. The doctrine has no application, however, "[w]hen a subsequent hearing or trial develops different facts and different issues." Steele v. Pendarvis Chevrolet, Inc., 220 So.2d 372, 376 (Fla.1969). Here, the doctrine applies to the circuit court's first order because the City Council's action was quasi-judicial and the circuit court's review was appellate in nature. See generally Tamiami Trail Tours, Inc. v. R.R. Comm'n, 128 Fla. 25, 32, 174 So. 451, 454 (1937) (Davis, J., concurring specially) (noting that rulings on questions of law made on certiorari review of an administrative agency's decision constitute the "law of the case" in subsequent proceedings before the lower tribunal); Wood v. Dep't of Prof'l Regulation, 490 So.2d 1079, 1081 (Fla. 1st DCA 1986) (holding that "administrative agencies are required to adhere to the law of the case"). The City concedes that the law of the case doctrine applies to the circuit court's first order.

IV.
In its first order, the circuit court held that (1) the rezoning request was consistent with the City's comprehensive plan; (2) the request complied with all procedural requirements of the zoning ordinance; and (3) denial of the request had not been supported by competent, substantial evidence. All of those holdings resolved questions of law for purposes of application of the doctrine of the law of the case. Accordingly, on remand following the first order, the City was obliged to follow those rulings unless the facts or the issues changed. Juliano, 801 So.2d at 102. Although the Trust made precisely such an argument to the circuit court following the City's second denial of its request, there is nothing in the circuit court's second order to suggest that it evaluated the City's action in light of the law of the case doctrine. Instead, it denied the Trust's petition on the ground that the City's action was supported by competent, substantial evidence in the record. While this was a part of the circuit court's standard of review on the first petition for writ of certiorari, it was not necessarily relevant to the second. On the second petition, the first issue which the circuit court ought to have addressed was whether the City's action violated the law of the case doctrine. Because the circuit court failed to do that, it failed to apply the correct law. Accordingly, we grant the petition for writ of certiorari; quash the order denying the Trust's Motion for Enforcement and, in the Alternative, Petition for Writ of Certiorari or Writ of Mandamus; and remand for further proceedings consistent with this opinion.
PETITION FOR WRIT OF CERTIORARI GRANTED.
VAN NORTWICK, J., concurs; WOLF, concurs with opinion.
*499 WOLF, J., concurring.
I fully concur with the well-written opinion by Judge Webster. I write to point out one of the unconsidered practical implications of designating rezoning as quasi-judicial in nature.
I believe the supreme court was well intentioned when it changed the designation of rezonings from legislative to quasijudicial in Bd. of County Comm'rs of Brevard County v. Snyder, 627 So.2d 469 (Fla. 1993). There are many unintended consequences, however, when you alter sound precedent that has existed for a long period of time. One such consequence is demonstrated by the facts of this case.
Prior to Snyder, rezonings were considered legislative in nature and the local government was allowed to present all evidence in support of their position during circuit court review. Both developers and challengers were only required to expend resources in cases where there were significant disputes. It was unnecessary for the local government or challenging neighbors to go through the extremely expensive process of presenting a team of experts to support their positions in every case.[1]
As demonstrated in the instant case, a party that fails to present its experts at a quasi-judicial proceeding may never have an opportunity to do so. The cost of protecting the record in a large number of cases can be extremely expensive.[2] This is only one of the undiscussed implications of the Snyder decision. A decision which involves such major policy implications should have been debated and decided in the legislative process rather than through the courts.
NOTES
[1] Since every rezoning is potentially subject to challenge in circuit court, a prudent party would be forced to make a record in every quasi-judicial proceeding. The complexities of modern day rezonings potentially requires expert testimony in every case.
[2] While this may not have a great impact on large local governments which can afford to have the expertise on staff, it can be devastating to small and mid-size local governments.