PER CURIAM.
Howard Clarence Hickey seeks a belated appeal of an order denying his motion for postconviction relief following an evi-dentiary hearing. He alleges in his sworn petition that he timely asked his counsel to pursue an appeal but that counsel did not do so because he was not timely furnished a copy of the trial court’s written order and was unaware of its existence until furnished a copy by petitioner. Counsel ultimately did file a notice of appeal, but that notice was untimely, and the ensuing appeal was dismissed by this court for lack of jurisdiction.
In opposing the petition, the state argues that because the basis urged in support of the request for belated appeal was presented in response to the order to show cause concerning the timeliness of the notice of appeal in the earlier case, the prior ruling dismissing that appeal operates as law of the case. We disagree. The order to show cause in the earlier case was addressed to the timeliness of the notice of appeal. Our conclusion that the notice of appeal was untimely and that we thus lacked jurisdiction to entertain the prior appeal did not constitute an adjudication of the question of whether petitioner is entitled to a belated appeal. Thus, because the issue of law now before us was not actually presented and considered when the court addressed the question of its jurisdiction over the earlier appeal, the law of the case doctrine is not implicated. See generally Florida Department of Transportation v. Juliano, 801 So.2d 101 (Fla.2001).
Accordingly, the petition seeking a belated appeal of the order rendered on or about November 19, 2001, denying petitioner’s motion for postconviction relief in Escambia County Circuit Court case numbers 95-3810-CFA and 95-3811-CFA, is granted. Upon issuance of mandate in this cause, a copy of this opinion shall be provided to the clerk of the circuit court for treatment as a notice of appeal. See Fla. R.App. P. 9.141(c)(5)(D).
MINER, VAN NORTWICK and LEWIS, JJ., concur.