PER CURIAM.
The appellant, Bruce C. Wrinkle, has sought review of three orders: (1) the May 5, 2003, Final Declaratory Judgment, (2) the November 3, 2003, Order Granting Defendant Moore’s (et al.) Motion for Partial Summary Judgment, and (3) the March 11, 2004, Dissolution Order. Upon consideration of the motion to dismiss filed by appellees Nathaniel Moore, Richard Mitzel, Paula Mitzel, Nicholas Buoniconti, and Ron Luycx (“MMMBL”), the reply in support of the motion to dismiss filed by appellee Beaches Hamlet, Ltd., and the response filed by appellant Wrinkle, the Court has determined that the appeal should be dismissed for lack of jurisdiction.
With regard to the May 5, 2003, Final Declaratory Judgment, this Court dismissed a previous appeal of the same order by Wrinkle for lack of standing. See Wrinkle v. Cooper, 859 So.2d 629 (Fla. 1st DCA 2003). This second appeal is barred by the doctrine of law of the case. See Parker Family Trust I v. City of Jacksonville, 804 So.2d 493 (Fla. 1st DCA 2001) (holding that the doctrine of law of the case requires that questions of law actually decided on appeal must govern the case in the appellate court and in the lower tribunal in all subsequent stages of the proceedings).
The appellant has also sought review of the November 3, 2003, Partial Summary Judgment, which disposed of Count I of MMMBL’s counterclaim against Wrinkle, Paula K. Stevens, and Edward Holt by declaring that Stevens had no authority to transfer the limited partnership units to Wrinkle, and that MMMBL are the rightful owners of the disputed partnership shares. However, nothing in the records before the Court indicates whether Counts II and III, which alleged claims for fraud and breach of fiduciary duty against Paula Kaye Stevens and for aiding and abetting breach of fiduciary duty against appellant Wrinkle, have been resolved.
Finally, contrary to Wrinkle’s assertion, the March 11, 2004, Dissolution Order is not a final order. See, e.g., Caufield v. Cantele, 837 So.2d 371 (Fla.2002); *959 McGurn v. Scott, 596 So.2d 1042 (Fla.1992). Specifically, because the order acknowledges pending claims against the Partnership, and reserves jurisdiction over several issues including the distribution of the reserved funds according to the outcome of those claims, the lower tribunal’s judicial labor with regard to the instant cause appears to be incomplete. Thus, the appeal appears to be premature. Thé motion to dismiss filed by appellees Nathaniel Moore, Richard Mitzel, Paula Mitzel, Nicholas Buoniconti, and Ron Luycx, is hereby granted and the appeal is dismissed for lack of jurisdiction. All pending motions are denied as moot.
KAHN, WEBSTER and POLSTON, JJ., concur.