RAMIREZ, J.
(concurring).
As the majority opinion states, Nancy Canard was awarded one-third of Robert Buchman’s real property (which was declared to be a partnership asset) and also was awarded an amount equal to her share of the partnership assets. Buchman has argued that this, in effect, allows Canard to double-dip. I agree that the issues raised on appeal have no merit based on the law of the case..
Buchman is basically arguing that the arbitration award erroneously awarded Nancy Canard her share in the partnership assets which Buchman wrongfully *393 transferred (the evidence reflected that Buchman had used partnership assets to purchase his home) AND separately found that Buchman’s home is a partnership asset to which Canard is also entitled to her partnership share. Thus, Canard will receive one-third of the partnership assets twice.
The arbitration award was entered on June 13, 2002 and ratified by the trial court on March 24, 2003. Even if the arbitration award confers Canard her interest in the wrongfully transferred property AND an interest in Buchman’s house, this Court affirmed that arbitration award in its January 21, 2004 mandate. See Buchman v. Canard, 863 So.2d 487 (Fla. 3d DCA 2004). Apparently the double-dipping issue was never raised in the first appeal, which is when Buchman should have raised it. Consequently, he cannot raise this issue now because it is law of the case, pursuant to this Court’s mandate. See Florida Dep’t. Transp. v. Juliano, 801 So.2d 101, 105 (Fla.2001) (explaining that the doctrine of the law of the case requires that questions of law decided on appeal govern the case in that appellate court and in the trial court in all subsequent stages of the proceedings).