KAHN, C.J.,
concurring.
This case is before the court for the second time. The case involves a chai- *397 lenge by Osterback to the Department of Health’s repeal of chapter 10D-7 of the Florida Administrative Code. In the first appeal, we determined: (1) repeal of the rule was rulemaking; and (2) repeal of Chapter 10D-7 was prima facie unlawful because of the Department’s failure to identify statutory authority for the rule. Osterback v. Agwunobi, 873 So.2d 437, 442 (Fla. 1st DCA 2004). Upon remand, the circuit court entered an order granting Osterback’s prayer for a declaratory judgment and finding that the Department engaged in an invalid exercise of delegated legislative authority. I write separately because the Department’s appeal of the trial court’s ruling is not professionally defensible.
On appeal, the Department argues three issues: (1) trial court did not have subject matter jurisdiction to entertain a challenge to a repealed rule; (2) the invalid exercise of delegated authority was caused by a “miscitation” of the proper authorizing statute; and (3) trial court failed to accord proper deference to the Department in carrying out its delegated legislative authority. All three matters were disposed of in the first appeal. In particular, the issue of subject matter jurisdiction was completely sealed by this court’s pronouncement that the Department’s repeal of the code chapter was tantamount to rulemaking. Osterback, 873 So.2d at 440; see Fla. Dep’t of Transp. v. Juliano, 801 So.2d 101, 105 (Fla.2001) (“[Questions of law actually decided on appeal must govern the case in the same court and the trial court, through all subsequent stages of the proceedings.”). Moreover, the Department’s assertion that it simply “miscit-ed” the authorizing statute is both tardy and disingenuous. The Department has never disclosed any steps toward a proper repeal of the rule based upon what it now asserts as appropriate authority. Finally, the argument of proper deference assumes proper delegated legislative authority, which we found lacking in the first appeal. Osterback, 873 So.2d at 441 (“The briefs and the record on appeal fail to show that [the] DOH ever complied with requirement to identify the statute implemented by the repeal of 10D-7.”).
The pressing of these positions before this court by a state agency and its attorney is improper. See R. Regulating Fla. Bar 4-3.1 (“A lawyer shall not bring or defend a proceeding ... unless there is a basis for doing so that is not frivolous .... ”). I do. not ignore the particular exigencies that face attorneys employed by a state agency. Nevertheless, just as attorneys employed by powerful individuals and corporations are responsible for their professional actions, so also are government lawyers. Although the client has the ultimate say concerning the objectives of legal representation, the means by which such objectives are pursued are left to the professional judgment of the lawyer after consultation with a client. See R. Regulating Fla.. Bar 4-1.2.