972 So.2d 930 (2007)
Joseph CAROLLO, Appellant,
v.
Maria Ledon CAROLLO, Appellee.
No. 3D06-3109.
District Court of Appeal of Florida, Third District.
December 12, 2007.
Greene Smith McMillan and Cynthia L. Greene, Miami, for appellant.
Lauri Waldman Ross, Miami, for appellee.
*931 Before GERSTEN, C.J., and ROTHENBERG, and LAGOA, JJ.
PER CURIAM.
Joseph Caro (the "former husband") appeals from a non-final order imposing a constructive trust on a portion of proceeds from his monthly Elected Officer's Retirement Trust ("EORT"), which benefit Maria Ledon Carollo (the "former wife"). We affirm.
On appeal, the former husband contends that the doctrine of the law of the case precludes the trial court from imposing a constructive trust because the ruling in Carollo v. Carollo, 920 So.2d 16 (Fla. 3d DCA 2004) ("Carollo I"), establishes that the former wife does not have a property interest in the EORT. The former wife asserts that in Carollo I, this Court determined that the EORT was a marital asset, thereby entitling the former wife to half. We agree with the former wife and affirm.
The law of the case mandates that "questions of law actually decided on appeal must govern the case in the same court and the trial court, through all subsequent stages of the proceedings." See State v. McBride, 848 So.2d 287, 289 (Fla. 2003) (quoting Fla. Dep't of Transp. v. Juliano, 801 So.2d 101, 105 (Fla.2001)); U.S. Concrete Pipe Co. v. Bould, 437 So.2d 1061 (Fla.1983); Thornton v. State, 963 So.2d 804 (Fla. 3d DCA 2007). Additionally, the law of the case doctrine, may foreclose subsequent consideration of issues "implicitly addressed or necessarily considered by the appellate court's decision." Juliano, 801 So.2d at 106.
In Carollo I, this Court determined the former husband's EORT was a marital asset, subject to equitable distribution, pursuant to section 61.075, Florida Statutes (2003). 920 So.2d at 18. This Court did not determine the legal or equitable remedies available to the former wife to guarantee monthly payments from the former husband's EORT.
Because this Court did not address the remedies available to the parties, the doctrine of the law of the case did not preclude the trial court from imposing a constructive trusta device used to restore property to its rightful owner and to prevent unjust enrichment. Provence v. Palm Beach Taverns, Inc., 676 So.2d 1022 (Fla. 4th DCA 1996). Thus, the trial court did not err in imposing a constructive trust on a portion of monthly proceeds from the former husband's EORT. Accordingly, we affirm the non-final order.
Affirmed.