[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-15056
Non-Argument Calendar
_____

D.C. Docket No. 3:13-cv-00776-BJD-PDB

LADRENA THOMAS,
as personal representative of the estate of
Davinian D. Williams, deceased,

Plaintiff - Appellee,

versus

THE CITY OF JACKSONVILLE,
JACKSONVILLE SHERIFF'S OFFICE,
MIKE WILLIAMS,
in his official capacity as Sheriff of the Consolidated City
of Jacksonville and Duval County, Florida,

Defendants - Appellants.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(December 6, 2016)

Before WILSON, JULIE CARNES, and JILL PRYOR, Circuit Judges.

PER CURIAM:

The City of Jacksonville (the City) appeals the district court's denial of its motion to enjoin Ladrena Thomas from pursuing certain amended claims in state court.  After careful review of the record and the parties' briefs, we affirm.

I

On May 9, 2012, a Jacksonville police officer shot Davinian D. Williams six times during a traffic stop.  The shots killed Williams.  Thereafter, Thomas commenced this action in Florida state court, seeking damages on behalf of Williams's children.  Thomas's complaint raised state and federal claims against the City and other parties.

The City removed the action to federal court, and the defendants requested final summary judgment.  The district court however granted only partial summary judgment, allowing Thomas to proceed on a 42 U.S.C. § 1983 claim against the police officer who killed Williams and on certain state law claims against the officer.  The parties subsequently settled the § 1983 claim, and the district court remanded the action to state court.

On remand, the state court considered as a threshold issue the preclusive effects of the district court's partial summary judgment order.  The state court held that the order has no such effects on the state court proceedings in this action:

2

> [N]either res judicata nor collateral estoppel bars this [c]ourt from reconsidering the federal court's rulings, because [such] doctrines require the element of "subsequent action." That element is missing in the present case, where there is but a single action that was removed to federal court and then remanded to this [c]ourt.

Following this decision, Thomas sought to amend her complaint to reallege with additional specificity certain state law claims against the City for which the district court granted summary judgment. The City consented to Thomas filing the amended complaint but reserved its right to move for dismissal of the complaint. The City then filed a motion to dismiss with prejudice, arguing that the amended claims are barred by the district court's partial summary judgment order. The state court denied the motion.

After the state court denied the City's motion to dismiss, the City returned to the district court and requested that the court enjoin Thomas from pursuing her amended claims in state court. The district court denied the City's request, leading to this appeal.

## II

We review for abuse of discretion the district court's denial of the City's request for an injunction. *Original Brooklyn Water Bagel Co. v. Bersin Bagel Grp., LLC*, 817 F.3d 719, 724 (11th Cir. 2016). The City contends that, under the

All Writs Act and the relitigation exception of the Anti-Injunction Act, the district court abused its discretion in declining to enjoin Thomas.  We disagree.

The All Writs Act allows federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."  28 U.S.C. § 1651(a).  "This enables the federal courts to safeguard not only ongoing proceedings, but potential future proceedings, as well as already-issued orders and judgments."  *See Original Brooklyn Water Bagel Co.*, 817 F.3d at 725 (internal quotation marks omitted).  However, the Anti-Injunction Act circumscribes the authority granted to federal courts by the All Writs Act.  *Id.* The Anti-Injunction Act prohibits a federal court from enjoining "proceedings in a [s]tate court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."  28 U.S.C. § 2283.  "An injunction halting a state court proceeding is proper only if it qualifies for one of the Anti-Injunction Act's exceptions," such as the relitigation exception. *See Original Brooklyn Water Bagel Co.*, 817 F.3d at 725.  And in light of federalism concerns, "we are obliged to construe the Act's exceptions narrowly." *Id.*

"An injunction under the relitigation exception is appropriate where the state law claims would be precluded by the doctrine of res judicata."  *Id.* (internal quotation marks omitted).  "When determining whether res judicata applies,

4

federal courts look to the law of the state in which they sit." *Id.* "Any doubt regarding whether the requirements of res judicata have been met will be resolved against interference with the state court proceeding." *Id.* (internal quotation marks omitted). "[A] federal court may enjoin state court proceedings only if preclusion is clear beyond peradventure." *Id.* (internal quotation marks omitted).

Here, the City argues that the relitigation exception is implicated and an injunction is necessary to "protect the res judicata effects" of the district court's partial summary judgment order. But as the state court found on remand, res judicata does not apply because the district court's order was issued in this action. In Florida, "there is no question of res judicata" when a ruling from "the same suit, and not a new and different one, is involved." *Fla. Dep't of Transp. v. Juliano*, 801 So. 2d 101, 105 (Fla. 2001). The district court was well within its discretion to deny the City's request for an injunction.[1] *See Original Brooklyn Water Bagel Co.*, 817 F.3d at 725–26.

**AFFIRMED.**

---

[1] Moreover, to the extent the City asserts that the district court abused its discretion because res judicata *principles* militate in favor of an injunction, the City's argument is unavailing. *Cf. Original Brooklyn Water Bagel Co.*, 817 F.3d at 725 ("[W]e are obliged to construe the [Anti-Injunction] Act's exceptions *narrowly*." (emphasis added)).