NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

EDIOL TOPALLI and IRIDA TOPALLI,   )
                                   )
            Appellants,            )
                                   )
v.                                 )        Case No. 2D17-3993
                                   )
EDDIE FELICIANO and BAY COLONY     )
COMMUNITY ASSOCIATION, INC., a     )
Florida corporation,               )
                                   )
            Appellees.             )
_____    )

Opinion filed May 17, 2019.

Appeal from the Circuit Court for Collier
County; James R. Shenko, Judge.

Richard W. Lavariere and James M.
Moran of Marc L. Shapiro, P.A., Naples,
for Appellants.

Michael R. D'Lugo of Wicker Smith
O'Hara McCoy & Ford, P.A., Orlando,
for Appellees.


NORTHCUTT, Judge.


        The circuit court granted Ediol and Irida Topalli a continuance on the day

trial was to begin in their personal injury lawsuit against Eddie Feliciano and Bay Colony

Community Association, Inc.  The court agreed to the continuance after the Topallis

offered to pay the costs and attorney's fees incurred by the defendants as a result of the continuance. The court eventually entered separate judgments respectively awarding attorney's fees and costs to the defendants. In Topalli v. Feliciano, 44 Fla. L. Weekly D791 (Fla. 2d DCA Mar. 22, 2019), this court reversed the attorney's fee judgment. In the instant appeal, the Topallis challenge the judgment for costs. We reverse the judgment and remand for a new hearing and the entry of a new order awarding costs. We affirm without comment the other issues raised on appeal.

We conclude, consistent with this court's holding in Topalli, that the Topallis were bound by their offer to pay costs. 44 Fla. L. Weekly at D794. However, the circuit court erred in two ways. First, it should not have entered an executable judgment for costs while the underlying case was still ongoing. See id. As this court noted in East Avenue, LLC v. Insignia Bank, 136 So. 3d 659, 665 (Fla. 2d DCA 2014), "Permitting execution prior to completion of the litigation before the trial court has long been characterized as improper by the appellate courts."

Further, the circuit court abused its discretion by awarding the cost of items that clearly were not attributable to the continuance. See Ocean Club Cmty. Ass'n v. Curtis, 935 So. 2d 513, 517 (Fla. 3d DCA 2006) (citing Thomas v. Perkins, 723 So. 2d 293 (Fla. 3d DCA 1998) (noting that costs awards are reviewable for abuses of discretion)). In the final judgment taxing costs, the circuit court "determine[d] the amount of taxable costs to be paid by Plaintiffs due to their requesting and obtaining a continuance of the jury trial." It awarded $49,598.95, which was within $400 of the amount set forth in the defendants' exhibit submitted in support of their costs request. The overwhelming majority of the sums on that exhibit were for expenses that were

- 2 -

necessarily incurred in the litigation and trial preparation generally and that bore no relationship to the continuance of the trial. For example, the defendants claimed an expense for medical records that were obtained well before the trial was continued and that, by their nature, would be of use regardless of when the trial took place. This is largely true of their claim for $39,297.28 in expert witness expenses, only $8825 of which were incurred in the ten days preceding the aborted trial. Similarly, the defendants' exhibit claimed investigative costs incurred months before the trial date.

We reverse the judgment and remand for entry of a proper, nonexecutable order awarding only costs that were directly attributable to the continuance.

Reversed and remanded for further proceedings.

VILLANTI and SALARIO, JJ., Concur.