# Third District Court of Appeal

## State of Florida

Opinion filed February 12, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-0391
Lower Tribunal No. 19-1538
_____

## Atrium Medical Corporation, et al.,
Appellants,

vs.

## MSP Recovery Claims, Series LLC, et al.,
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, David C. Miller, Judge.

Squire Patton Boggs (US) LLP, and Andrew R. Kruppa, and Amanda E. Preston, for appellants.

MSP Recovery Law Firm, and Aida M. Landa, and Janpaul Portal, for appellees.

Before FERNANDEZ, LINDSEY, and BOKOR, JJ.

PER CURIAM.

Appellants, Defendants below, Atrium Medical Corp. and Maquet Cardiovascular US Sales, LLC appeal from an order entering final summary judgment in favor of Appellees, Plaintiffs below ("MSP").[1] Atrium and Maquet, both nonresident defendants, argue that the trial court erred in determining it could exercise personal jurisdiction pursuant to three provisions of Florida's long-arm statute: sections 48.193(1)(a)(6), (1)(a)(1), and (1)(a)(2), Florida Statutes (2024).

This Court recently decided MSP Recovery Claims, Series LLC v. Coloplast Corp., 353 So. 3d 705 (Fla. 3d DCA 2023), which involved the same Plaintiffs, the same cause of action, and nearly identical jurisdictional allegations. In Coloplast, this Court affirmed the trial court's dismissal for lack of jurisdiction, holding that MSP failed to establish personal jurisdiction under the same three provisions of the long-arm statute that are at issue in this appeal. As Coloplast is directly on point, we are compelled to reverse. See also In re Fluoroquinolone Prods. Liab. Litig., No. 19-0478, 2023 WL 5021163, at *3 (D. Minn. Aug. 7, 2023) (holding that MSP failed to demonstrate specific personal jurisdiction under Florida's Long-Arm Statute); MSP Recovery Claims, Series 44 LLC v. Great Am. Ins. Co., No. 20-24094-

---

[1] Appellees are MSP Recovery Claims, Series LLC; MSPA Claims 1, LLC; Series PMPL, a designated series of MAO-MSO Recovery II LLC; and MSP Recovery Claims Series 44, LLC.

CIV, 2021 WL 8343191, at *5 (S.D. Fla. June 11, 2021) (holding that MSP "failed to satisfy its initial burden to make a prima facie case of personal jurisdiction over Defendants under Florida's long-arm statute"); MSP Recovery Claims Series, LLC v. Nationwide Mut. Ins. Co., No. 20-21573-CIV, 2021 WL 355133, at *5 (S.D. Fla. Feb. 2, 2021) ("Plaintiffs have failed to meet their burden of alleging facts supporting either general or personal jurisdiction over any of the Insurance Companies in this case.").[2]

Reversed and remanded.

---

[2] We are aware that this Court previously per curiam affirmed the trial court's order denying Appellants' motion to dismiss for lack of personal jurisdiction. See Atrium Med. Corp. v. MSP Recovery Claims, Series LLC, 322 So. 3d 65 (Fla. 3d DCA 2021). Under the law of the case doctrine, "questions of law actually decided on appeal must govern the case in the same court and the trial court, through all subsequent stages of the proceedings." Thompson v. State, 341 So. 3d 303, 306 (Fla. 2022) (quoting Fla. Dep't of Transp. v. Juliano, 801 So. 2d 101, 105 (Fla. 2001)). This doctrine does not apply here because the arguments raised in the prior appeal did not involve Florida's long-arm statute. Moreover, Coloplast was decided after the prior appeal, and an exception to the law of the case doctrine exists "where there has been an intervening change of controlling law." See Thompson, 341 So. 3d at 306.