# Third District Court of Appeal

## State of Florida

Opinion filed March 18, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-1373
Lower Tribunal No. 19-31023-CA-01
_____

**Douglas Frantin,**
Appellant,

vs.

**MVS Media Group, LLC,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Charles Kenneth Johnson, Judge.

Melissa Alexis Chluski, P.A., and Melissa Chluski (Boca Raton), for appellant.

The Levey Law Firm, P.A., and Lewis J. Levey, for appellee.

Before FERNANDEZ, BOKOR and GOODEN, JJ.

PER CURIAM.

Affirmed. See Frantin v. MVS Media Grp., LLC, 390 So. 3d 75, 77 (Fla. 3d DCA 2023) ("MVS's supplemental complaint contained sufficient

jurisdictional facts to fall within the ambit of Florida's long arm statute."); Fla. Dep't of Transp. v. Juliano, 801 So. 2d 101, 105 (Fla. 2001) ("The doctrine of the law of the case requires that questions of law actually decided on appeal must govern the case in the same court and the trial court, through all subsequent stages of the proceedings."); see also Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476 (1985) ("So long as a commercial actor's efforts are 'purposefully directed' toward residents of another State, we have consistently rejected the notion that an absence of physical contacts can defeat personal jurisdiction there." (quoting in part Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 774 (1984))); Banco Inversion, S.A. v. Celtic Fin. Corp., S.A., 907 So. 2d 704, 708–09 (Fla. 4th DCA 2005) (finding sufficient minimum contacts for long-arm jurisdiction under Venetian Salami Co. v. Parthenais, 554 So. 2d 499 (Fla. 1989), where foreign defendant allegedly entered oral contract with Florida plaintiff for consulting services, maintained relationship through extensive written and telephonic messages, and plaintiff performed substantial work from Florida).