[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-10744
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 25, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-60818-CV-AJ

JUDY COPELAND,
with help of roommate Carl Shell due
to Judy Copeland's mental retardation,

Plaintiff-Appellant,

CARL SHELL,

Plaintiff,

versus

HOUSING AUTHORITY OF HOLLYWOOD,
TIM SCHWARTZ,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(November 25, 2008)

Before ANDERSON, CARNES, and HULL, Circuit Judges.

PER CURIAM:

Judy Copeland, proceeding pro se, appeals the district court's judgment in favor of the Housing Authority of Hollywood and one of its employees, Tim Schwartz, on her 42 U.S.C. § 1983 claims. Copeland alleged that the Housing Authority violated the Due Process Clause and deprived her of constitutionally protected property rights when it terminated her housing benefits. The court granted summary judgment against her based on res judicata. Copeland contends that res judicata does not bar her claims because they were not addressed in earlier, related state court actions. She also challenges the district court's denial of her motions for rehearing and to appoint counsel, as well as its denial of her pending motions as moot.

## I.

This is Copeland's third lawsuit against the Housing Authority and Schwartz based on the termination of her Section 8 housing benefits. Copeland's troubles began on June 20, 2003 when her landlord terminated her lease because Copeland had violated of the terms of the lease by allowing her son to move in with her in her one-bedroom apartment. Later, she was evicted from the apartment

by court order in December 2003, but the eviction order was based solely on her failure to pay her portion of the rent for the previous five months. Copeland's failure to pay rent was a "serious violation of her lease" under the Housing Authority regulations, see 24 C.F.R. § 982.552(b)(2), and the regulations mandated that her Section 8 benefits be terminated. See id.

Copeland filed her first lawsuit against the Housing Authority and Schwartz in Florida state court on September 29, 2004 alleging violations of various regulations of the United States Department of Housing and Urban Development and claiming that her benefits were improperly terminated. Specifically, she contended that her failure to pay rent was not a "serious violation of her lease" because her lease had been terminated before she stopped paying rent. After a hearing, the state court granted summary judgment for the Housing Authority and Schwartz. The state appellate court affirmed that ruling without opinion.

Copeland filed a second lawsuit against the Housing Authority and Schwartz in Florida state court on September 18, 2006, this time under 42 U.S.C. § 1983. In that suit, she essentially argued that she had been deprived of constitutionally protected property rights and that the Housing Authority violated federal housing regulations when it terminated her benefits. The defendants filed

3

separate motions to dismiss, which the court granted with prejudice. Copeland initially appealed that decision, but later voluntarily dismissed the appeal.

Copeland filed the present lawsuit in federal district court contending that under § 1983 the termination of her housing benefits deprived her of a constitutionally protected property right and violated due process.[1] The district court ruled that Copeland's claim was barred by res judicata and entered summary judgment in favor of the defendants.

## II.

We review de novo a district court order barring a claim on the basis of res judicata. See Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235, 1238 (11th Cir. 1999) (citation omitted). "Res judicata bars the filing of claims which were raised or could have been raised in an earlier proceeding." Id. (citations omitted). When the earlier proceeding is a state court judgment, we rely on that state's law to determine whether the later action is barred by res judicata. See Kizzire v. Baptist Health Sys., Inc., 441 F.3d 1306, 1308 (11th Cir. 2006). This case involves earlier judgments by Florida state courts, and thus Florida state preclusion law applies.

---

[1] Copeland also included a claim that her constitutional rights were violated when the Housing Authority did not continue her hearing until she was able to retain counsel. The district court properly dismissed this claim for failure to state a cause of action upon which relief can be granted.

Florida law provides that a party is precluded from raising any issue that was or could have been raised in an earlier suit that (1) involved same parties; (2) was on the same cause of action; and (3) was decided on the merits. See Fla. Dep't Transp. v. Juliano, 801 So. 2d 101, 105 (Fla. 2001).

Here these requirements are met, and Copeland is barred from relitigating her claim for housing benefits. Her current lawsuit involves the same parties in the same capacity as in her earlier suits. Just as in her two earlier lawsuits, Copeland's current one alleges the same facts to support her contention that her benefits were improperly terminated. She also seeks the same relief: reinstatement of her benefits and monetary damages. Moreover, she raised nearly identical § 1983 claims in her second state court lawsuit. Under Florida law claims are considered to be part of the same cause of action if the facts essential to the maintenance of both actions are the same. See Gordon v. Gordon, 59 So. 2d 40, 44 (Fla. 1952). Although Copeland's current lawsuit under § 1983 has the gloss of alleging new constitutional violations, it is the same cause of action as her earlier lawsuits for the purposes of res judicata. To the extent that there are any distinctions, her claims are still precluded as "issues that could have been raised" in her earlier lawsuits. See Juliano, 801 So. 2d at 105.

Finally, both earlier judgments were on the merits. In the first lawsuit, the court entered summary judgment in favor of the Housing Authority and Schwartz.

5

In the second one, the court dismissed Copeland's complaint with prejudice, which under Florida law operated as an adjudication on the merits. See Fla. R. Civ. P. 1.420(b) ("Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision . . . , other than a dismissal for lack of jurisdiction or for improper venue or for lack of an indispensable party, operates as an adjudication on the merits.").

As the district court noted, "[t]he rational of the doctrine of res judicata is that there must be an end to litigation," Quest Intern., Inc. v. Trident Shipworks, Inc., 958 So. 2d 1115, 1119 (Fla. 4th DCA 2007), and Copeland has had her day in court. Because Copeland's § 1983 claims are barred by res judicata, the district court correctly granted summary judgment for the defendants.[2]

**AFFIRMED.**

---

[2]Because we affirm the district court's order granting summary judgment for the Housing Authority and Schwartz, we also affirm the district court's judgments denying as moot her related motions. For the same reason, we deny Copeland's and Carl Shell's remaining motions before us on this appeal.