[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 24, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-10398
Non-Argument Calendar

_____

D. C. Docket No. 07-60818-CV-AJ

JUDY COPELAND,

Plaintiff-Appellant,

CARL SHELL,
as friend,

Plaintiff,

versus

HOUSING AUTHORITY OF HOLLYWOOD,
TIM SCHWARTZ,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 24, 2009)

Before CARNES, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Judy Copeland is back before us again. This time, she appeals the district court's orders denying her Rule 60(b)(6) motion for relief from the denial of her 42 U.S.C. § 1983 action to recover terminated federal housing benefits and denying her motion for rehearing.

In affirming the district court's grant of summary judgment against Copeland on res judicata grounds in the case underlying this appeal, we noted that "[t]he rationale of the doctrine of res judicata is that there must be an end to litigation." Copeland v. Hous. Auth. of Hollywood, No. 08-10744, slip. op. 1, at 6 (11th Cir. Nov. 25, 2008) (quotation omitted). That rationale has not changed.

We review a district court's denial of a Rule 60(b) motion only for an abuse of discretion. Toole v. Baxter Healthcare Corp., 235 F.3d 1307, 1316 (11th Cir. 2000). We also review the denial of a motion for rehearing for an abuse of discretion. Lawson v. Singletary, 85 F.3d 502, 507 (11th Cir. 1996).

Copeland contends that we erred in holding that her claims were barred by res judicata because her earlier lawsuits in state courts were not decided on the merits. She argues that the decisions were not on the merits because she lacked standing to bring her claims in state court. Copeland is wrong. There is nothing in

2

the record to indicate that the state court dismissed either lawsuit for lack of standing or lack of jurisdiction or that there was any such basis for doing so. Instead, the record shows exactly the opposite. As we recognized in Copeland's earlier appeal, both of the state-court judgments against her were on the merits. See Copeland, No. 08-10744, slip. op. at 6. In Copeland's first state court lawsuit, the court granted summary judgment for the defendants. In the second one, the court dismissed Copeland's complaint with prejudice, which operated as an adjudication on the merits under Florida law. See Fla. R. Civ. P. 1.420(b) ("Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision . . . , other than a dismissal for lack of jurisdiction or for improper venue or for lack of an indispensable part, operates as an adjudication on the merits.").

Copeland's earlier state court actions ended in decisions on the merits and res judicata was properly applied to her claims. The district court properly denied her motions here. We agree with the district court that Copeland's opportunity to litigate this matter is "at an end."

**AFFIRMED.**

3