SHAHOOD, Judge.
In 1985, United Shows, Inc. (“United”) hired Candyworld, Inc. (“Candyworld”) to maintain, operate, and control the amusement park rides at the Palm Beach County Fair. An employee of Candyworld was struck by one of the rides and was injured. He sued, among others, United, but did not sue Candyworld which was exempted under the worker’s compensation act. Prior to trial, United settled with the employee for the sum of $2.5 million, of which United’s insurer, Granite State Insurance (“Granite State”), paid $1.5 million plus prejudgment interest.
In 1990, Granite State, as subrogee of United, sued Candyworld for indemnification of the monies paid on behalf of United due to Candyworld’s negligence. Candyworld offered to settle the matter pursuant to section 45.061, Florida Statutes (1987), but the offer was not accepted. Thereafter, the court entered summary final judgment in favor of Granite State. Candyworld appealed the order to this court, and filed a timely motion for appellate attorney’s fees merely citing sections 627.428, 768.79, 45.061, Florida Statutes, and rule 1.442, Florida Rules of Civil Procedure, but offering no explanation in the motion as to why Candyworld would be entitled to attorney’s fees under these statutes. On appeal, this court reversed the trial court, remanded for entry of judgment in favor of Candyworld, and denied “all motions for attorneys fees.” Candyworld, Inc. v. Granite State Ins. Co., 652 So.2d 1165 (Fla. 4th DCA), rev. denied, 662 So.2d 932 (Fla.1995). On remand, the trial court entered judgment in favor of Candyworld.
Thereafter, as prevailing party, Candy-world filed a motion for attorney’s fees and costs incurred in the trial court based on Granite State’s failure to accept an offer of judgment which Candyworld had made prior to the summary judgment. The trial court denied Candyworld’s request for fees and costs stating as its sole ground, “that the Fourth District Court’s denial of CANDY-WORLD INC.’s Motion for the Award of an *425 Appellate Attorney’s Fee incident to an appeal styled Candyworld, Inc. v. Granite State Insurance Company, Case No. 93-00819, is the law of the case with respect to CANDY-WORLD INC.’s claim to an entitlement for reimbursement of legal fees incurred at the trial court level.” The trial court’s ruling regarding Candyworld’s request for fees and costs is the subject of this appeal.
Under the doctrine of law of the case,
whenever issues are established between the same parties in the same case, that resolution continues to be the law of the case so long as the facts in which the decision was predicated continue to be the facts of the case. These rulings become the “law of the ease” and must be adhered to throughout the proceeding in both the lower court and appellate court.
Estate of Paulk v. Lindamood, 529 So.2d 1150 (Fla. 1st DCA 1988); Green Cos., Inc. v. Kendall Racquetball Inv., Ltd, 658 So.2d 1119 (Fla. 3d DCA 1995)(law of the ease did not apply where district court did not consider issues which party raised after ease was remanded.)
The law of the case doctrine does not apply to Candyworld’s request for attorney’s fees and costs in the trial court because our denial of attorney’s fees in the prior appeal was not on the merits. Rather, our denial of attorney’s fees in the prior appeal was grounded on the fact that the motion did not state grounds sufficient to enable us to rule on the merits of the motion. Consequently, we did not consider the issue of whether Candy-world was entitled to attorney’s fees under the offer of judgment statute. Accordingly, we reverse the trial court’s ruling that the law of the case bars Candyworld’s award of fees, and remand for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
GUNTHER and KLEIN, JJ., concur.