913 So.2d 111 (2005)
Robert J. CROUCH, Appellant,
v.
PUBLIC SERVICE COMMISSION, Appellee.
No. 1D04-5384.
District Court of Appeal of Florida, First District.
October 26, 2005.
Marie A. Mattox, Marie A. Mattox, P.A., Tallahassee, for Appellant.
Harold R. Mardenborough, Jr., and Jason Taylor, McFarlain & Cassedy, P.A., Tallahassee, for Appellee.
POLSTON, J.
Appellant Robert J. Crouch appeals the trial court's directed verdict in favor of appellee Public Service Commission on his claim under the Florida Whistle-blower's Act. The trial court ruled that Crouch's verbal complaints to his supervisory officials did not satisfy the requirements of the Whistle-blower's Act. We agree and therefore affirm.
Section 112.3187(7), Florida Statutes (2001), protects, in relevant part, "employees who file any written complaint to their supervisory officials or employees who submit a complaint to the Chief Inspector General in the Executive Office of the Governor, to the employee designated as agency inspector general under s. 112.3189(1), or to the Florida Commission on Human Relations." (Emphasis added). Crouch complained only to his supervisory officials. Therefore, under the plain language of the statute, the complaints had to be in writing. Because they were not, the Whistle-blower's Act does not provide Crouch protection.
Crouch argues that he is protected under the Act because he complained to the employee designated as agency inspector *112 general, which is not required to be in writing. We agree with Crouch that this section does not require a complaint submitted to the employee designated as agency inspector general to be in writing. But we do not agree with Crouch that his complaints to the supervisory officials, who then told the designated agency inspector general about the complaints on their own initiative,[1] should be considered as a submission to the designated agency inspector general under the statute. Crouch did not ask his supervisors to submit the complaints on his behalf, and no promise was made by the supervisors that they would do so.
Therefore, we agree with the trial court's directed verdict because Crouch did not disclose information as required by section 112.3187(7).
AFFIRMED.
ERVIN and ALLEN, JJ., concur.
NOTES
[1] Although the trial court ruled that there was no direct evidence that Crouch's complaint ever actually made it to the PSC Inspector General, the PSC concedes on appeal that this ruling was in error.