956 So.2d 509 (2007)
Laurence McNAMARA, Drew Martin, and Anabeth Karson, and their attorneys, Littman, Sherlock & Heims, P.A. and Howard K. Heims, Esquire, Appellants,
v.
CITY OF LAKE WORTH, a Florida municipal corporation, and Regina Campbell, Appellees.
Nos. 4D06-1766, 4D06-2053.
District Court of Appeal of Florida, Fourth District.
April 25, 2007.
Howard K. Heims and Virginia P. Sherlock of Littman, Sherlock & Heims, P.A., Stuart, for appellants.
Ronald E. Crescenzo of Casey Ciklin Lubitz Martens McBane & O'Connell, West Palm Beach, for appellee City of Lake Worth.
STEVENSON, C.J.
Lawrence McNamara, Drew Martin and Anabeth Karson filed a complaint against the City of Lake Worth under Florida Statutes section 163.3215, challenging the adoption of ordinance 2004-12. The trial court granted final summary judgment in favor of Lake Worth because the complaint did not comply with section 163.3215, in that it was not timely filed. This court affirmed the final judgment in McNamara v. City of Lake Worth, 923 So.2d 510 (Fla. 4th DCA 2006) (table), but denied Lake Worth's motion for appellate attorney's fees, which relied on Florida Statutes section 57.105. For the reasons stated below, we affirm Lake Worth's subsequent award of trial level fees, which was also based on section 57.105.
Our review of the record does not convince us that the trial court abused its discretion in granting attorney's fees under section 57.105. See Yakavonis v. Dolphin Petroleum, Inc., 934 So.2d 615 (Fla. 4th DCA 2006) (holding that the trial court's award of attorney's fees under section 57.105 is reviewed on appeal under an abuse of discretion standard). We also reject appellants' claim that the trial court was required to deny Lake Worth's motion for trial level attorney's fees simply because this court had earlier denied Lake Worth's motion for appellate fees based on section 57.105. The Third District recently addressed a similar issue concerning attorney's fees. In Labbee v. Harrington, 913 So.2d 679 (Fla. 3d DCA 2005) ("Labbee I"), the Third District reversed an order vacating a default judgment against James Harrington, but denied Beatriz Labbee's motion for section 57.105 attorney's fees. After the case was remanded, Harrington asserted that the trial court was obligated to vacate a prior award of appellate and trial level attorney's fees because the Third District's ruling was the law of the case. See Labbee v. Harrington, 32 Fla. L. Weekly D658, ___ So.2d ___ (Fla. 3d DCA Mar. 7, 2007) ("Labbee II"). Thereafter, the trial court denied Labbee's motion for section 57.105 trial and appellate level attorney's fees. See id. The Third District held during the subsequent appeal that the prior denial of appellate attorney's fees was the law of the case for appellate level fees, but not for trial level fees. Because the trial court's denial of trial level section 57.105 fees was based solely on its acceptance of Harrington's law of the case argument, the Third District remanded the case back to the trial court to consider the *511 award of trial level attorney's fees under section 57.105.
As in Labbee II, we conclude that our prior denial of appellate fees under section 57.105 does not preclude the trial court's award of trial level attorney's fees in the same action. This is so because review under the abuse of discretion standard allowed for the trial judge's order to withstand scrutiny. We have considered the other issues on appeal, but find no error.
Affirmed.
KLEIN and MAY, JJ., concur.