PER CURIAM.
The appellant challenges an order by which the trial court awarded attorney’s fees to the appellee under section 768.79, Florida Statutes, the offer of judgment statute. The trial court’s order was entered subsequent to this court and the Florida Supreme Court awarding appellate attorney’s fees to the appellee based on an offer of judgment after establishing that the appellant was not entitled to relief under sections 112.3187-112.31895, Florida Statutes, the Whistle-blower’s Act. Crouch v. Public Serv. Comm’n, 913 So.2d 111 (Fla. 1st DCA 2005), rev. denied 933 So.2d 520 (Fla.2006). The appellant argues that the offer of judgment statute does not apply in whistle-blower actions. However, as applicability has been determined through the law of the case doctrine, we affirm. See Specialty Restaurants Corp. v. Elliott, 924 So.2d 834 (Fla. 2d DCA 2005). Further, this court declines to address the manifest injustice exception to the doctrine because applica *149 bility of the offer of judgment statute was established by a higher appellate court during the original appeal on the merits.
Affirmed.
BARFIELD, ALLEN, and KAHN, JJ., concur.