DAMOORGIAN, J.
Barbara L. Langer and Judith Ann Wolf, the defendants below, appeal several orders in connection with the entitlement to and amount of attorney’s fees (collectively referred to as “Fee Orders”) awarded to Richard Fels, plaintiff below. Fels cross-appeals the order setting forth the amount of fees, claiming error in the trial court’s failure to award interest. We reverse the Fee Orders. In so doing, the cross appeal is rendered moot.
In the case underlying the ultimate fee award, Fels, on behalf of Irene Felsenfeld, prevailed on his claims for declaratory relief and conversion arising out of a dispute regarding ownership of a particular bank account. Before an appeal was filed, Fels filed a motion for attorney’s fees and costs pursuant to Florida Rule of Civil Procedure 1.442 and sections 768.79 and 733.106(3), Florida Statutes (2009). While *1071 the appeal was pending, the trial court conducted a hearing on the fee motion. During this hearing, Fels argued entitlement to fees on the grounds listed in his motion as well as under sections 733.609 and 733.619, Florida Statutes (2009), which were not discussed in his motion. At the conclusion of the hearing, the trial court denied the fee request under Rule 1.442 and section 768.79, pertaining to offers of settlement. However, it deferred ruling on the remaining grounds to allow Fels time to file an amended motion for fees in order to articulate a basis for fees on the new grounds raised at the hearing.
In his amended motion, Fels argued that he was entitled to fees under the following sections: (i) section 733.106(3), authorizing fees when services have been rendered to an estate; (ii) section 733.609(1), allowing for fees in actions for breach of fiduciary duty or improper exercise of a personal representative’s powers; and (iii) section 733.619(2), establishing individual liability against a personal representative for obligations arising from ownership or control of the estate or for torts committed in the course of administration of the estate if personally at fault. §§ 733.106(3), 733.609(1) and 733.619(2), Fla. Stat. (2009). After a second hearing, the trial court concluded that Fels was entitled to fees pursuant to sections 733.609(1) and 733.619(2), but denied fees under section 733.106(3).
In the midst of the fee proceedings occurring at the trial court level, an appeal was filed in the underlying action. As part of that appeal, Fels moved for an award of appellate attorney’s fees pursuant to sections 733.106, 733.609 and 733.619, Florida Statutes (2009), the same grounds raised in the trial court. On appeal, this Court per curiam affirmed the trial court’s summary final judgment on the conversion claim and the trial court’s final judgment on the declaratory relief claim.[1] Longer v. Fels ex rel. Felsenfeld, 46 So.3d 1014 (Fla. 4th DCA 2010). We also denied Fels’ motion for appellate fees.
Based on this Court’s denial of appellate attorney’s fees in the underlying merits appeal, Appellants filed a motion in the trial court, requesting that the trial court reconsider its ruling on entitlement to fees. They based this motion on the law of the case doctrine, in light of our ruling denying Fels’ motion for appellate fees in his claims for declaratory relief and conversion. Ultimately, the reconsideration motion was denied by the trial court. The trial court then held a hearing to determine the amount of fees and costs and a final judgment on the fee motions was subsequently entered. This appeal and cross-appeal follow.
Appellants argue that our decision to deny Fels his attorney’s fees in the merits appeal constitutes the law of the case. Therefore, since the trial court’s award of fees was based on the same grounds raised by Fels in his motion for appellate fees and rejected by this Court, the award was contrary to the law of the case. Fels counters that the law of the case doctrine is not applicable in this scenario because the denial of the appellate fees was the law of the case as to the appellate fees, but not as to the trial level fees. He also submits that the trial court correctly reasoned that “the law of the case doctrine ought not to *1072 be applied where it cannot be readily ascertained that the same identical legal issue was considered ‘on the merits’ in both cases being reviewed.” Thus, because this Court’s order did not articulate the reasons for the denial of the fee award on appeal, the trial court can only speculate what this Court decided.
Under the law of the case doctrine, questions of law that have actually been decided on appeal “must govern the case in the same court and the trial court, through all subsequent stages of the proceedings.” Fla. Dep’t of Transp, v. Juliano, 801 So.2d 101, 105 (Fla.2001) (citing Greene v. Massey, 384 So.2d 24, 28 (Fla. 1980)). This doctrine includes not only issues explicitly ruled upon by the court, but also those issues which were “implicitly addressed or necessarily considered by the appellate court’s decision.” Juliano, 801 at 106 (citations omitted).
Appellants rely on Salta Investment, Inc. v. Silva, 584 So.2d 172 (Fla. 3d DCA 1991) (“Salta II ”) and Salta Investment, Inc. v. Silva, 573 So.2d 1091 (Fla. 3d DCA 1991) (“Salta I ”), rev. dismissed, 581 So.2d 166 (FIa.1991) to support a reversal. In Salta II, the Third District issued a per curiam opinion stating:
We reverse the final judgment awarding Orlando G. Silva attorney’s fees and costs. Silva had filed a claim for declaratory relief against landowner Salta Investment, Inc. This court affirmed the trial court’s decision ordering Salta to remove a fence along an ingress/egress easement. See Salta Inv., Inc. v. Silva, 573 So.2d 1091 (Fla. 3d DCA 1991), review dismissed, 581 So.2d 166 (Fla. 1991). At that time, both parties’ motions for attorney’s fees made to this court were denied. This denial of fees is conclusive as to that issue and, controls as to the fees awarded in the instant case. Accordingly, the order granting Silva fees and costs is reversed.
Id. at 172 (emphasis added) (internal citations omitted); see also Crouch v. Pub. Serv. Comm’n, State of Fla., 993 So.2d 148, 148 (Fla. 1st DCA 2008) (holding that an appellate court’s award of appellate fees under an offer of judgment statute during an original appeal on the merits became law of the case prohibiting a party from arguing that the offer of judgment statute did not apply to whistleblower actions at the trial court level). Salta II is disposi-tive of the issue under consideration. Like Salta II, appellate attorney’s fees in this case were denied during the original appeal on the merits under the same statutory provisions that the trial court determined would entitle Fels to a fee award at the trial level. As such, we reverse the Fee Orders under consideration in this appeal.

Reversed.

WARNER and CONNER, JJ., concur.

. The claims were part of the same complaint, but were bifurcated by the trial court. The declaratory relief count proceeded to a bench trial, resulting in a final judgment in favor of Fels. The conversion count was resolved by way of a motion for summary judgment, which was granted in favor of Fels. A final judgment on the conversion count was then entered. Appellants had also filed counterclaims. Three notices of appeal were filed with this Court, but the three cases were ultimately consolidated on appeal.