PER CURIAM.
This is an appeal from a final judgment awarding attorney’s fees. We reversed, however, the underlying judgment. Siegel v. JP Morgan Chase Bank, 71 So.3d 935 (Fla. 4th DCA 2011). Therefore, as conceded by appellees, the award of attorney’s fees and costs must likewise be reversed. See S & I Invs. v. Payless Flea Mkt., Inc., 40 So.3d 48, 49 (Fla. 4th DCA 2010) (quoting Viets v. Am. Recruiters Enters., Inc., 922 So.2d 1090, 1096 (Fla. 4th DCA 2006) (“ Where a court awards prevailing party attorney’s fees and the underlying judgment is vacated, the attorney’s fee judgment must also be vacated.’”); see also R.J. Reynolds Tobacco Co. v. Grossman, 96 So.3d 948, 948 (Fla. 4th DCA 2012) (where underlying judgment is reversed and remanded for trial, the prevailing party cost judgment must be reversed as well).
We reject the contention that our denial of an award of appellate attorney’s fees in the prior appeal constitutes the “law of the case” as to any award of attorney’s fees in the trial court should the appellees prevail ultimately in the trial court proceedings. See, e.g., McNamara v. City of Lake Worth, 956 So.2d 509, 510-11 (Fla. 4th DCA 2007). We simply determined that appellees were not entitled to a fee for the appellate representation in that appeal. As well, the other issues raised in this appeal depend upon factual determinations yet to be made by the trial court.

Reversed and remanded for further proceedings.

MAY, C.J., WARNER and POLEN, JJ., concur.