CIKLIN, J.
Pompano Masonry Corporation (“Pompano”) and Julian Marie Breslow Revocable Trust (“Breslow Trust”) appeal an award of attorneys’ fees as a sanction pursuant to Florida Rule of Civil Procedure 1.730(c). Pompano and Breslow Trust assert that this court’s denial of appellate attorneys’ fees under rule 1.730(c) in an earlier appeal involving the same parties in the same litigation precludes the trial court from entering rule 1.730(c) sanctions in this case. Because the law of the case doctrine does not apply to this court’s previous denial of attorneys’ fees pursuant to rule 1.730(c), we affirm. Pompano and Breslow Trust next argue that the trial court’s order finding entitlement to rule 1.730(c) fees was invalid because it did not give sufficient -written findings of fact to warrant the sanction. We find this argument to be without merit because the trial court orally pronounced sufficient findings of fact to support the sanction.
Breslow Trust purchased Pompano from the Anastasi family. After the acquisition, Breslow Trust and Joseph Anastasi (“Anastasi”) entered into a consulting agreement. The agreement provided that Breslow Trust would pay Anastasi to provide his expertise in running the Pompano business.
The relationship between Breslow Trust and Anastasi soured, and Pompano terminated Anastasi. Anastasi brought suit for breach of contract against Pompano and Breslow Trust. Pompano and Breslow Trust, who were represented jointly by the same counsel, answered the complaint and brought counterclaims for rescission, breach of contract, and breach of fiduciary duty. Among other claims, Pompano and Breslow Trust alleged that Anastasi made an unauthorized payment of $250,000 from Pompano to his daughter.
The parties participated in court-ordered mediation, reached a settlement, and executed a mediation agreement (“Settlement”). The Settlement required the parties to dismiss the lawsuit with prejudice and Breslow Trust and Pompano to make payments to Anastasi. The Settlement also required the parties to mutually release their claims, and the Settlement specifically stated that Pompano and Breslow Trust’s “release shall also be in favor of [Anastasi’s] wife & children.”
After the Settlement was finalized, the trustee of Breslow Trust refused to sign the release. Pompano and Breslow Trust moved to vacate the Settlement on the grounds that the Settlement released non-parties to the action, which Pompano and Breslow Trust purported was contrary to the intent of the parties. The motion included an affidavit of the trustee of Bres-low Trust, which stated that she would not have signed the Settlement if she had known it would release the potential claim against Anastasi’s daughter for the allegedly unauthorized $250,000 payment.
The trial court denied the motion to vacate the Settlement. Pompano and Breslow Trust appealed the denial of the motion to vacate to this court. Anastasi moved for appellate attorneys’ fees under Florida Rule of Civil Procedure 1.730(c). This court affirmed the trial court’s ruling per curiam in Pompano Masonry Corp. v. Anastasi, 46 So.3d 61 (Fla. 4th DCA 2010) (“Anastasi /”) and denied Anastasi’s motion for appellate attorneys’ fees.
After the Anastasi I appeal was filed, but before this court decided the case, *212 Anastasi moved for trial level attorneys’ fees under rule 1.730(c). The rule provides:
Imposition of Sanctions. In the event of any breach or failure to perform under the [mediation] agreement, the court upon motion may impose sanctions, including costs, attorneys’ fees, or other appropriate remedies including entry of judgment on the agreement.
Fla. R. Civ. P. 1.730(c).
At the conclusion of a hearing on Anas-tasi’s motion, the trial court orally pronounced its finding of fact on the record. The court found that Pompano and Bres-low Trust failed to perform under the Settlement by failing to execute the release, and the court determined that Pompano and Breslow Trust’s actions were not in good faith. The court then entered a written order which stated Anastasi was entitled to attorneys’ fees under rule 1.730(c), but the written order did not repeat the findings of fact.
The trial court scheduled an additional hearing to determine a reasonable amount of fees. Before the hearing was held, this court issued the decision denying appellate fees under rule 1.730(c) in Anastasi I. Pompano and Breslow Trust argued at the hearing that this court’s rejection of fees was binding law of the case, precluding the trial court from entering fees under the same rule. The trial court disagreed and entered an order granting Anastasi attorneys’ fees of over $40,000. Pompano and Breslow Trust now appeal the award.
Whether the law of the case doctrine applies is a question of law, and therefore our standard of review is de novo. See Aills v. Boemi, 29 So.3d 1105, 1108 (Fla.2010) (stating that de novo standard applies to questions of law).
We begin by reconciling our prior decisions regarding whether an appellate court’s denial of attorneys’ fees constitutes binding law of the case on the trial court. See Langer v. Fels, 93 So.3d 1069 (Fla. 4th DCA 2012); McNamara v. City of Lake Worth, 956 So.2d 509 (Fla. 4th DCA 2007). In Langer, McNamara, and the instant case, there was a prior appeal in which this court affirmed the trial court’s ruling in favor of the appellees, but denied the ap-pellees’ motions for appellate attorneys’ fees. In each of these cases, the trial court entered attorneys’ fees under the same statutory basis rejected by this court in the prior appeal.
In Langer, we reversed the trial court’s entry of fees under sections 733.609 and 733.619, Florida Statutes. In McNamara, we affirmed the trial court’s entry of attorneys’ fees under section 57.105, Florida Statutes. The distinction between Langer and McNamara is the statutory bases underlying the motions for attorneys’ fees. Langer addressed statutes that provide attorneys’ fees as a matter of law when certain criteria are met. Thus, this court’s rejection of entitlement under those statutes was binding law of the case. In contrast, the statute at issue in McNamara involved a sanction centered around factual determinations by the trial court. Thus, this court’s rejection of attorneys’ fees under the sanction provision was not binding law of the case.
Rule 1.730(c) is a sanctions provision. Thus, we find that an appellate court’s rejection of appellate attorneys’ fees under rule 1.730(c) does not preclude the trial court from granting trial level attorneys’ fees under the same rule.
We turn now to the imposition of sanctions in this case. We review the trial court’s imposition of sanctions under the abuse of discretion standard. Kirkland’s Stores, Inc. v. Felicetty, 931 So.2d 1013, 1015 (Fla. 4th DCA 2006).
*213 We begin by noting that in order to impose a sanction under rule 1.730(c), this court has stated “the trial court is required to make express findings of bad faith conduct on the part of’ the sanctioned party. Johnson v. Bezner, 910 So.2d 398, 401 (Fla. 4th DCA 2005). This court has recently elaborated on the findings requirement, stating the trial court must make “specific factual findings detailing [the sanctioned party’s] breach or failure to perform under the mediation agreement and identified those attorney’s fees and costs that [the party moving for fees] incurred as a result of such conduct.” Cox v. Great Am. Ins. Co., 88 So.3d 1048, 1049 (Fla. 4th DCA 2012) (citing Moakley v. Smallwood, 826 So.2d 221, 227 (Fla.2002)).
We reject Pompano and Breslow Trust’s contention that the oral pronouncement of the trial court was insufficient to make the necessary detailed findings of bad faith conduct. “A court’s oral order is valid and binds the parties even though a written order has not been entered.” Lazy Flamingo, USA Inc. v. Greenfield, 834 So.2d 413, 415 (Fla. 2d DCA 2003) (citing Knott v. Knott, 395 So.2d 1196, 1198 (Fla. 3d DCA 1981)). Although it is preferable for the detailed factual findings to be written in the order, an order of rule 1.730(c) sanctions is not invalid simply because the findings of fact were made elsewhere in the record.
We thus find no abuse of discretion in the trial court’s award of attorneys’ fees under rule 1.730(c). In this case, the trial court found that Pompano and Breslow Trust failed to execute the release as required under the Settlement. That was a “failure to perform” the terms of the Settlement. Fla. R. Civ. P. 1.730(c). The trial court also made detailed oral findings on the record that Pompano and Breslow Trust were not acting in good faith. Finally, the court stated that Pompano and Breslow Trust’s failure to perform under the Settlement caused Anastasi to expend attorneys’ fees to ensure that the Settlement was followed, and the series of hearings on the amount of fees established the amounts expended by Anastasi.
We affirm the remaining issue without further comment.

Affirmed.

WARNER, J., and BLANC, PETER D., Associate Judge, concur.