# Third District Court of Appeal

## State of Florida

Opinion filed November 14, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-2734
Lower Tribunal No. 16-31554
_____

**U.S. Bank, N.A., etc.,**
Appellant,

vs.

**Babak Raheb,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Rodney Smith, Judge.

Lapin & Leichtling, LLP, Jeffrey S. Lapin, Adam B. Leichtling and Alejandra Arroyave Lopez, for appellant.

Lazaro Vazquez; Anthony Accetta and Brian A. Concepcion, for appellee.

Before ROTHENBERG, C.J., and FERNANDEZ, and SCALES, JJ.

FERNANDEZ, J.

Plaintiff U.S. Bank N.A., successor Trustee to Bank of America, N.A., successor in interest to LaSalle Bank N.A., as trustee, on behalf of the holders of

the WAMU mortgage pass-through certificates, series 2007-OA3 (the "Trust"), appeals to this Court the trial court's Order Granting Defendant's Motion to Dismiss Plaintiff's Complaint and dismissing the action with prejudice, as well as the subsequent order denying Plaintiff's Motion for Rehearing. We reverse because the trial court erred in dismissing the Trust's foreclosure action with prejudice.

On December 9, 2016, the Trust filed the mortgage foreclosure action below, after the defendant Babak Raheb defaulted on a $1,125,000.00 mortgage loan secured by real property Raheb owned in Miami-Dade County. The trial court's order on appeal granted Raheb's motion to dismiss the Trust's complaint with prejudice. The complaint alleged that Raheb failed to make the payment that was due on March 1, 2012, and all subsequent payments due thereafter. Raheb moved to transfer the case to the circuit court division to which the prior foreclosure actions filed by the Trust had been assigned. The trial court granted Raheb's motion, and the Trust agreed to this transfer.

Raheb then moved to dismiss the foreclosure action, contending that the foreclosure action was barred by the dismissal of three prior foreclosure actions by the Trust against Raheb. The motion to dismiss stated that the first foreclosure action was filed in 2009 and was based on Raheb's August 1, 2008[1] default and all

---

[1] The record reflects that the first foreclosure action alleged a September 1, 2008 default date and all subsequent payments due.

subsequent payments, and was voluntarily dismissed by the Trust. The motion stated that the second action, filed in 2010, alleged the same August 1, 2008 default and was involuntarily dismissed by the Trust on a motion to quash service of process. Raheb's motion argued that the third foreclosure action, alleging the same August 1, 2008 default, was dismissed with prejudice because "the Court found after an evidentiary hearing that the [Trust] committed fraud upon the Court by submitting false affidavits."

Raheb's motion to dismiss further contended that the Trust appealed the dismissal order in the third foreclosure action and requested this Court to relinquish jurisdiction of the case so that trial court could consider a motion for rehearing by the Trust. Raheb's motion stated that the trial court denied the Trust's motion for rehearing due to the alleged fraud upon the court. The trial court's order denying the Trust's motion for rehearing does not contain this finding.

During the appeal of the Trust's third action, this Court issued <u>Deutsche Bank Trust Company Americas v. Beauvais</u>, 188 So. 3d 938 (Fla. 3d DCA 2016), an en banc decision where this Court held that a mortgagee had a right to file a subsequent foreclosure action after a dismissal, even if the dismissal was with prejudice. After the <u>Beauvais</u> decision, the Trust dismissed its appeal in the third action. The Trust then filed its fourth foreclosure action, based on different defaults by Raheb.

3

Raheb's motion to dismiss the Trust's complaint further argued that Florida Rule of Civil Procedure 1.420(b)'s two-dismissal rule applied and that all the dismissals operated as an adjudication on the merits. Raheb thus argued that if the Trust wanted to purse its claim against Raheb, the Trust was required to refile a lawsuit against Raheb alleging a new and separate breach that was not addressed in the previous foreclosure actions.[2]

At the conclusion of the hearing on Raheb's motion to dismiss, the trial court stated:

> THE COURT: All right. Thank you for both Counsels' arguments. And the Court did consider the case law presented before this Court, and considering the arguments, the Court is going to dismiss this matter with prejudice and for the final time, as well. Should this case be re-filed I'm going to declare vexatious litigation.
>
> You should have [a mandate] by the Third DCA directing this Court, specifically, to hear this matter. Number one, it was appealed by final judgment and you filed a voluntary dismissal, and you brought the case back before this Court. And even though the order may not have stated, initially, that it was, you know, stated as fraudulent testimony when it was brought before this Court, it is -- the record speaks clearly for itself. If you need to attach the transcript, you may, to supplement and reargue before the Third DCA.
>
> I appreciate Counsel's argument. She wasn't here present when I conducted the hearing and made that finding, which is clearly on the record. But, again, you need an order mandating this Court to hear this again, because otherwise it's going to be a fifth time or sixth, or seventh, etcetera, where the ruling clearly stood, and you took an appeal, then you took another voluntary dismissal. This is my final

---

[2] In the current action, the Trust alleged new and separate breaches that occurred on March 1, 2012, and "all subsequent payments due thereafter."

> judgment, otherwise we're going to be spinning our wheels here. And I don't want vexatious litigation, as I said before, until there's a final closure to this matter.

The transcript then indicates that Raheb's counsel stated that he would circulate a proposed order to the Trust's counsel before submitting it to the trial court. However, he did not, and instead submitted his proposed order to the trial court at the same time he submitted it to the Trust's counsel. As such, he did not give the Trust's counsel a chance to review it. The trial court then adopted Raheb's proposed Order verbatim.

Raheb's proposed order contained findings the trial court did not pronounce at the hearing. For example, it stated that the current action dealt with the same claims as the previous action, even though the Trust alleged different default dates. The proposed order also erroneously stated that the parties agreed to transfer the case to the trial court's division because the trial court's prior ruling involved the same claims. In addition, Raheb's proposed order cited to case law that was not discussed at the hearing, nor were the cases included in Raheb's motion to dismiss. Importantly, Raheb's proposed order stated the trial court had dismissed the Trust's prior action with prejudice after finding that the Trust committed fraud upon the court, which was factually inaccurate because the trial court had never made this finding. Raheb's proposed order also stated that "[p]laintiff committed

serious misconduct by providing false or misleading testimony." The record reflects the trial court did not state this.

Raheb's proposed order also awarded Raheb entitlement to attorney's fees and costs pursuant to the mortgage. However, there was no argument at the hearing about attorney's fees and costs. There was no finding by the trial court that Raheb and the Trust were parties to the note and mortgage. Raheb had argued in his motion to dismiss and at the hearing that the Trust lacked standing to enforce the note and mortgage.

At the hearing, the Trust's counsel complained that Raheb's counsel did not submit his proposed order without first providing it to the Trust's counsel for review. The following exchange then took place at the hearing:

> Trust's counsel: Why didn't you send me the draft proposed order before submitting it to the Judge? You said at the hearing that you would do so before submitting it.
> ***
> Trust's counsel: I just read the proposed order. It contains rulings that the Judge did not make at the hearing. It also includes entitlement to attorney's fees that was not discussed at the hearing. Plaintiff was not given the opportunity to oppose entitlement to attorney's fees. Please retrieve your submission from the Judge and send me the draft proposed order so we may accurately reflect the Court's ruling based on the transcript. I would appreciate your cooperation in this matter and hope you will extend the professional courtesy to do the requested above.
> ***
> Raheb's counsel: The request for fees is in my motion that was granted and the judge ruled your client committed fraud upon the court based on his prior order. Maybe you were to [sic] frustrated to

pay attention. Remember he said don't ever come back to his court room with this case unless you have a writ from the 3rd dca [sic].

Do you think he wasn't granting my request for fees? Are you joking? If he doesn't believe it's accurate he can change it or enter his own order.

Finally, you and your client have continued to file false and fraudulent documents with the court. That is the only amendment I'm willing to make if you would like. I suggest you relax your tone and don't ever dare tell me what to do. Your actions should be sanctioned and I believe I was beyond nice not to include them in the order.

Have a great day!

Although the Trust's counsel told the trial court that the Trust never had the opportunity to review Raheb's proposed order, the trial court adopted, verbatim, Raheb's proposed order. The Trust then moved for rehearing, which the trial court denied. The Trust now appeals the trial court's order dismissing the Trust's complaint with prejudice.

The standard of review of an order granting a motion to dismiss is *de novo*. Susan Fixel, Inc. v. Rosenthal & Rosenthal, Inc., 842 So. 2d 204, 206 (Fla. 3d DCA 2003). We find that the trial court erred in dismissing the Trust's mortgage foreclosure action with prejudice.

First, the trial court improperly dismissed this action because it based its dismissal on a previous dismissal with prejudice of a prior foreclosure action. The plaintiff alleged a default date in this action of March 1, 2012, which was different than the default date in the prior foreclosure action, in addition to "all subsequent payments due thereafter." Thus, the dismissal with prejudice of the present

7

foreclosure action is not supported by law. The Florida Supreme Court in Bartram v. U.S. Bank National Association, 211 So. 3d 1009 (Fla. 2016), permitted a subsequent foreclosure action based on subsequent default dates within five years of the filing of the subsequent foreclosure action. See also Singleton v. Greymar Assoc., 882 So. 2d 1004, 1005-07 (Fla 2004). Thus, the plaintiff's allegations of a different default period stated a new foreclosure cause of action, and the trial court erred in dismissing it with prejudice.

Second, we agree with the Trust that the trial court erred in entering the dismissal order because on a motion to dismiss, it was required to only consider matters within the four corners of plaintiff's complaint. Susan Fixel, Inc., 842 So. 2d at 206 (Fla. 3d DCA 2003). Here, the Trust's "Verified Complaint to Foreclose Mortgage" filed on December 9, 2016, does not contain any allegation regarding the prior foreclosure action between the parties that was dismissed with prejudice for the trial court to base its ruling in dismissing the December 9, 2016 action with prejudice. Thus, in ruling on Raheb's motion to dismiss, the trial court erroneously considered information outside of the four corners of the Trust's Complaint.

Furthermore, the trial court stated that the prior dismissal "was premised upon a finding that the Plaintiff committed serious misconduct by providing false and misleading testimony." However, the trial court never made this finding in the prior action. The basis of the dismissal in the prior action was improper service by

8

publication. The trial court did make a finding that the process server lied but did not tie this in in any way to the Trust being involved or any fraud committed by the Trust. In order to make a finding of fraud on the court, the trial court would have had to make express written findings "demonstrating that the trial court has carefully balanced the equities and supporting the conclusion that the moving party has proven, clearly and convincingly, that the non-moving party implemented a deliberate scheme calculated to subvert the judicial process." Chacha v. Transp. USA, Inc., 78 So. 3d 727, 731 (Fla. 4th DCA 2012). No such findings were made by the trial court.

Finally, the trial court erred in dismissing the plaintiff's action with prejudice because the record reflects the trial court's dismissal order included findings not made by the trial court at the hearing on Raheb's motion to dismiss. The oral pronouncement and the trial court's findings in the order on appeal do not match, and it appears that Raheb's counsel took certain liberties in making findings from the court that are not supported by the transcripts. For example, the trial court's order cites to two cases that were not cited in Raheb's motion to dismiss, nor were they discussed at the hearing on that motion. The Order also incorrectly states that the prior action dealt with the same claims as the instant action. However, the current claim before the trial court dealt with different defaults that were not addressed in the previous action. In addition, the Order incorrectly states

9

that the parties agreed to transfer this action to the trial court's division "upon this Court's prior ruling involving the same claims and parties to this action." However, this was incorrect, because as previously stated, the current action was based on a different default date than the default claim in the prior action.

Furthermore, the trial court's Order incorrectly states that the trial court "dismissed the third action after making a finding at the close of an evidentiary hearing that the Plaintiff committed fraud upon the Court by submitting false affidavits and testimony to this Court." The trial court did not make this statement. In addition, paragraph 7 of the trial court's order states, "Plaintiff committed serious misconduct by providing false or misleading testimony." The trial court also did not make this statement or make this finding. What the trial court said was that "the record [from the prior action's evidentiary hearing] speaks clearly for itself." The trial judge never made specific findings that the Trust was in any way involved in perpetrating a fraud on the court in the prior action.

And finally, the Order erroneously granted Raheb entitlement to attorney's fees and costs "pursuant to the mortgage and applicable Florida law." The transcript of the hearing reflects that not only did the trial court not orally grant entitlement at the hearing, there was no argument at the hearing on attorneys' fees and costs. The Trust contends that for Raheb to recover attorney's fees and costs, this would require a finding by the trial court that the Trust had standing to enforce

10

the note and mortgage. <u>See</u> <u>Bank of N.Y. Mellon Tr. Co. v. Fitzgerald</u>, 215 So. 3d 116 (Fla. 3d DCA 2017). In his motion to dismiss and at the hearing on the motion, Raheb argued that the Trust lacked standing to foreclose under the note and mortgage. Raheb did not prove at the hearing and there was no finding by the trial court that both Raheb and the Trust were parties to the note and mortgage. Thus, Raheb is not entitled to fees here.

The trial court adopted the defendant's counsel's proposed order verbatim, and it was never provided to the plaintiff's counsel first for review, although at the hearing defendant's counsel indicated on the record he would provide it to plaintiff's counsel before submitting it to the trial court. This was improper. <u>Perlow v. Berg-Perlow</u>, 875 So. 2d 383, 390 (Fla. 2004).

For the foregoing reasons, we reverse the trial court's Order Granting Defendant's Motion to Dismiss Plaintiff's Complaint with prejudice and remand the case to the trial court for reinstatement of the Trust's foreclosure action against Raheb.

Reversed and remanded.