# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D23-0371
LT Case No. 19-CA-000542

_____

TKH COASTAL PROPERTY
INVESTMENTS, LLC.,

     Appellant,

     v.

TALCOR GROUP, INC.,
     Appellee.

_____

On appeal from the Circuit Court for Nassau County.
Eric C. Roberson, Judge.

Mary Anne Keshen, of Private Investments, Fernandina Beach, and Howard T. Sutter, of Sutter Maritime, LLC, Jacksonville for Appellant.

Lee D. Wedekind, III, of Nelson Mullins Riley & Scarborough, LLP, Jacksonville, for Appellee.

August 25, 2023

BOATWRIGHT, J.,

     This is an appeal that originated in the First District Court of Appeal prior to being transferred to this Court pursuant to the 2023 realignment of the boundaries of Florida's district courts. *See* Ch. 2022-163, § 4, Laws of Fla. The basis of this appeal involves

the preclusive effect of the First District's rulings on Appellee's fee motions in a prior appeal. In this appeal, Appellant, TKH Coastal Property Investments, LLC ("TKH"), appeals the trial court's order finding that Appellee, Talcor Group, Inc. ("Talcor"), was entitled to trial court attorney's fees pursuant to the "offer of judgment" statute, section 768.79, Florida Statutes (2020), as well as the court's order determining the reasonableness and amounts of Talcor's attorney's fees. TKH asserts the First District's prior denial of Talcor's motions for appellate attorney's fees pursuant to section 768.79 constituted the law of the case on the issue of Talcor's entitlement to trial court attorney's fees. We agree and reverse the trial court's decision.

I.

In 2019, TKH filed a multiple count complaint against Talcor in Nassau County, Florida, regarding issues that had been previously litigated in California. TKH subsequently amended the complaint, and then Talcor filed a motion to dismiss TKH's amended complaint pursuant to Florida Rule of Civil Procedure 1.140. Talcor argued that TKH's claims were barred by res judicata because they had been fully litigated in the California action. One day after Talcor filed the motion to dismiss, it served a proposal for settlement on TKH pursuant to section 768.79 and Florida Rule of Civil Procedure 1.442 as a complete settlement for all claims. The court then entered an order granting the motion to dismiss and dismissing the amended complaint without prejudice. TKH then filed a second amended complaint, which Talcor again moved to dismiss on the ground that the claims were barred by res judicata. Following a hearing, the court granted Talcor's motion and dismissed the second amended complaint with prejudice.

TKH appealed the court's order dismissing its second amended complaint with prejudice to the First District. The First District per curiam affirmed the court's ruling. *TKH Coastal Prop. Invs., LLC v. Talcor Grp., Inc.*, 333 So. 3d 691 (Fla. 1st DCA 2022) (per curiam). In that appeal, Talcor moved for contingent appellate attorney's fees pursuant to section 768.79 and rule 1.442. In particular, Talcor requested that fees and costs only be entered conditionally upon establishing entitlement to an award of attorney's fees and costs at the trial court below. Talcor specifically

alleged that it had served TKH with a valid proposal for settlement, that TKH had implicitly rejected the proposal by failing to accept it within thirty days, and that the suit was ultimately dismissed with prejudice. Consequently, Talcor contended that it was entitled to its fees and costs from the date the proposal was served throughout the duration of the appeal. The First District denied Talcor's motion without any explanation.

Talcor then moved for reconsideration of the First District's order denying its motion for appellate attorney's fees, expounding even further upon its legal argument that it was entitled to a conditional award of fees under section 768.79. In its motion for reconsideration, Talcor surmised that the First District's denial of appellate attorney's fees might have been due to its failure to supply the court with a copy of the settlement proposal; accordingly, it attached a copy of the settlement proposal as an appendix to the motion. The First District denied Talcor's motion for reconsideration without elaboration.

After the First District's mandate was issued, the trial court held a hearing on Talcor's pending motion for trial court attorney's fees, in which it had asserted entitlement under section 768.79. At the hearing, TKH argued that the First District's denial of Talcor's motions for appellate fees under section 768.79 operated as the law of the case on the issue of Talcor's entitlement to trial court attorney's fees because Talcor was seeking fees at the trial court level on the exact same legal grounds as it had sought in the prior appeal. The court rejected TKH's argument that the First District's denial of Talcor's motions for appellate attorney's fees, without explanation, could constitute the law of the case on Talcor's entitlement to fees at the trial court level. As a result, the court determined that Talcor was entitled to trial court attorney's fees based on the offer of judgment statute. Then, following a subsequent evidentiary hearing on the reasonableness of Talcor's fees, the trial court awarded Talcor attorney's fees and costs.

TKH subsequently filed this instant appeal, arguing, inter alia, that the trial court erred when it found that the First District's denial of Talcor's motion for appellate attorney's fees under section 768.79 and subsequent motion for reconsideration did not operate as the law of the case regarding Talcor's

entitlement to trial court attorney's fees merely because the motions were denied without elaboration. Specifically, TKH asserts that because the First District denied Talcor's motions for appellate attorney's fees, the trial court was without jurisdiction to reconsider Talcor's entitlement to trial court attorney's fees on the identical legal grounds as it had argued before the First District.

## II.

The "law of the case" doctrine requires "that questions of law actually decided on appeal must govern the case in the same court and the trial court, through all subsequent stages of the proceedings." *Spectrum Interiors, Inc. v. Exterior Walls, Inc.*, 65 So. 3d 543, 545 (Fla. 5th DCA 2011) (citing *Engle v. Liggett Grp., Inc.*, 945 So. 2d 1246, 1266 (Fla. 2006); *Fla. Dep't of Transp. v. Juliano*, 801 So. 2d 101, 105 (Fla. 2001)). The law of the case doctrine additionally "may foreclose subsequent consideration of issues implicitly addressed or necessarily considered in the prior appeal." *Id.* (citing *Juliano*, 801 So. 2d at 106). The purpose of the doctrine is "to lend stability to judicial decisions and the jurisprudence of the state, as well as to avoid 'piecemeal' appeals and to bring litigation to an end as expeditiously as possible." *Vega v. State*, 288 So. 3d 1252, 1258 (Fla. 5th DCA 2020) (quoting *Strazzulla v. Hendrick*, 177 So. 2d 1, 3 (Fla. 1965)).

An appellate court's fee determination can become the law of the case on the issue of entitlement to trial court attorney's fees where the same legal grounds for fees are argued before both the appellate and trial court. *See, e.g.*, *Stone as Tr. of Patricia K. Stone Revocable Tr. Dated Jan. 25, 2017 v. Kubasky*, 329 So. 3d 804, 804–05 (Fla. 5th DCA 2021) (finding that an award of appellate attorney's fees operated as the law of the case in a determination for trial court fees because Stone's prior motion for appellate attorney's fees "raised the same grounds for entitlement to attorney's fees as did her motion for an award of attorney's fees in the trial court"). The preclusive effect of an appellate court's fee determination applies not only with respect to an award of appellate attorney's fees, but it additionally applies with respect to an appellate court's denial of a movant's request for appellate attorney's fees. *Langer v. Fels*, 93 So. 3d 1069 (Fla. 4th DCA 2012)

4

(holding that a denial of a request for appellate attorney fees on the merits was the law of the case, which then precluded the trial court from awarding fees under same legal grounds as were argued on appeal). Accordingly, the law of the case doctrine can prohibit a trial court from awarding fees where the record shows that the appellate court previously denied the movant's request for appellate attorney's fees on the same legal grounds. *Id.*

This holds true even where the appellate court has denied fees without explanation, as long as it is evident that the same legal grounds were argued before both the trial court and the appellate court. *Id.* at 1072. However, in order for a denial of appellate attorney's fees without explanation to constitute the law of the case, it must be clear that the decision was on the merits. *Candyworld, Inc. v. Granite State Ins. Co.*, 700 So. 2d 424, 425 (Fla. 4th DCA 1997). In order for the decision to be on the merits, the motion for fees must state sufficient grounds that would allow the appellate court to rule on the merits. *Id.* (finding the appellate court's prior denial of Candyworld's motion for appellate attorney's fees did not operate as the law of the case on the issue of its entitlement to trial court attorney's fees on the same grounds, because the prior motion for fees merely cited to several fee statutes without offering any explanation as to why Candyworld would be entitled to attorney's fees under those statutes);[1] *see also* Fla. R. App. P. 9.400(b) (providing that "a motion for attorneys' fees must state the grounds on which recovery is sought").

Applying these principles to the instant case, the record before us is sufficient to demonstrate that the First District denied Talcor's motion for appellate attorney's fees under section 768.79 and the subsequent motion for reconsideration on the merits. As a result, the First District's ruling operated as the law of the case on Talcor's motion for entitlement to trial court attorney's fees because Talcor sought fees at the trial court level on the same grounds as it had argued before the First District. Talcor stated

---

[1] We further note that the record on appeal must be sufficiently developed for an appellate court to rule on the merits of a motion for appellate attorney's fees. *See Horowitz v. Rossdale CLE, Inc.*, 357 So. 3d 260 (Fla. 5th DCA 2023).

sufficient grounds in its motions before the First District and extensively argued the merits of why it was entitled to provisional fees under section 768.79. In addition, the First District had the benefit of reviewing the actual proposal for settlement in making its determination. Thus, the motions went well beyond merely stating the statutory provision and the rule of procedure. *Cf. Candyworld*, 700 So. 2d at 425. As such, the motions and record were legally sufficient for the First District to determine an award of fees.

Even more compelling is that Talcor sought only a conditional award of fees based on the trial court determining entitlement. The First District denied those motions even in the limited context of the award being conditioned upon the trial court's finding of entitlement. If the First District had not considered the motions on their merits, then it could have very easily directed the trial court to make a determination. Thus, the First District's denial of Talcor's motion for appellate attorney's fees and subsequent motion for reconsideration clearly operated as an adjudication on the merits of Talcor's entitlement to trial court attorney's fees under section 768.79.

Furthermore, the position Talcor takes in this appeal with respect to the sufficiency of its appellate fee motions is entirely inconsistent with the position it asserted in the prior appeal. After having argued before the First District that its motions were sufficient to demonstrate its entitlement to provisional appellate attorney's fees under section 768.79, Talcor now takes the exact opposite position in this appeal, contending that the First District could not have possibly arrived at a determination on the merits because its own motions were legally insufficient. This argument is unavailing.

III.

The record supports a conclusion that the First District's denial of Talcor's motions for appellate attorney's fees under section 768.79 operated as an adjudication on the merits. Since Talcor sought fees before the appellate court and the trial court on the same grounds, the First District's denial operated as the law of the case on the issue of Talcor's entitlement to trial court

6

attorney's fees under section 768.79. Therefore, we reverse the trial court's award of attorney's fees and remand the case.

REVERSED AND REMANDED.

MAKAR and JAY, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____