# Third District Court of Appeal

## State of Florida

Opinion filed October 4, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1547
Lower Tribunal No. 18-37446
_____

**Stephen Hess, et al.,**
Appellants,

vs.

**PMG-S2 Sunny Isles, LLC,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, William Thomas, Judge.

Quintana Portal Villalon, PLLC, J. Luis Quintana and Kirk Villalón; Schlesinger Law Group, and Michael J. Schlesinger, for appellants.

Kluger, Kaplan, Silverman, Katzen & Levine, P.L., Josh M. Rubens and Philippe Lieberman; Samson Appellate Law, and Daniel M. Samson, for appellee.

Before EMAS, HENDON and LOBREE, JJ.

EMAS, J.

## INTRODUCTION

Appellants, Stephen Hess and Clearwater Beach Company, LLC, plaintiffs below, appeal a final judgment awarding contractual prevailing party attorney's fees and costs to PMG-S2 Sunny Isles, LLC (PMG), the defendant below.

Hess and Clearwater contend the trial court erred in awarding attorneys' fees and costs against them, asserting such an award is inconsistent with the trial court's finding that Hess and Clearwater lacked standing to assert their claims of rescission and breach of contract against PMG because Hess and Clearwater had assigned the underlying contracts to other entities. In other words, Hess and Clearwater argue that the fee award cannot stand where it is based on the same contract the trial court already found Hess and Clearwater lacked standing to sue under. In the same vein, Hess and Clearwater contend the trial court should have found that PMG was judicially estopped from obtaining an award of attorneys' fees and costs against them where PMG successfully argued Hess and Clearwater lacked standing to assert their claims for rescission and breach of contract. We affirm, holding that the trial court correctly determined, under the express terms of the agreements at issue, that Hess and Clearwater

remained liable to PMG for its attorneys' fees and costs, and properly awarded those amounts against Hess and Clearwater, jointly and severally.

**FACTUAL AND PROCEDURAL BACKGROUND**

This case arises out of real estate transactions involving pre-construction condominium units. The relevant facts are set out in our prior opinion, Hess v. PMG-S2 Sunny Isles, LLC, 349 So. 3d 547 (Fla. 3d DCA 2022) (Hess I):

> In 2014, Stephen Hess visited Muse, a condominium located in Miami-Dade being developed by PMG, where he reviewed promotional materials and floor plans for prospective units. Hess, and his company Clearwater, subsequently entered into purchase agreements with PMG for the purchase and sale of three pre-construction condominium units at Muse [The Purchase Agreements]. Hess paid PMG $6.1 million in deposits for the units.
>
> . . .
>
> In May 2018, Hess and Clearwater assigned their "rights, title, interests and obligations" under the agreements [The Assignment Agreement] to Muse 1901, Muse 2101 and Muse 2201 (the "Muse entities"). Notice of the assignments were sent to PMG. Closing was scheduled for May 31, 2018, but the Muse entities failed to timely close. In late June, PMG furnished the Muse entities with formal written notice of default and terminated the agreements.
>
> In November 2018, Hess and Clearwater filed a complaint against PMG for recission pursuant to sections 718.202 and 718.506, Florida Statutes, breach of contract and declaratory judgment challenging the enforceability of the default damages

3

clause in the agreements.[1] Following a motion by PMG, the trial court dismissed the declaratory judgment action without prejudice as the issue was not ripe because the units had not been resold. Hess and Clearwater then filed an amended complaint, including the Muse entities as co-plaintiffs and reasserting the claims for recission and breach of contract only. After initial discovery was conducted, both Hess and PMG filed motions for summary judgment.

In March 2020, rather than proceeding to trial, the trial court heard argument in support of the cross-motions and granted PMG's motion for summary judgment finding Hess and Clearwater lacked standing and the remaining claims were unsupported. Hess and the Muse entities subsequently filed a motion for reconsideration of the entry of summary judgment and requested to amend their complaint to reassert their previous claim regarding the calculation of the deposits because they learned the issue had recently ripened as PMG resold at least one of the units. The trial court subsequently denied the motion for rehearing and motion to amend, entering final judgment in PMG's favor.

Id. at 548-49 (emphasis added).

Importantly, the Assignment Agreement between Hess/Clearwater and the Muse entities specifically provided:

Notwithstanding the Assignment by the Assignor [Hess and Clearwater] to Assignee [the Muse entities], **the Assignor shall remain liable to Seller [PMG] under the terms and conditions of the Purchase Agreement until the closing of the transaction under the Purchase Agreement**.

---

[1] Hess and Clearwater sought the return of $6.1 million in deposits it paid to PMG.

4

(Emphasis added). It is undisputed that the Muse entities failed to close the transaction under the Purchase Agreements.

In entering summary judgment in favor of PMG on Hess and Clearwater's claims for rescission and breach of contract, the trial court determined that, because Hess and Clearwater assigned the Purchase Agreements to the Muse entities, Hess and Clearwater lacked standing to assert a claim for breach of contract or for rescission under sections 718.202 and 718.506, Florida Statutes (2018).  The Assignment Agreement between Hess/Clearwater and the Muse entities expressly provided that Hess/Clearwater, as assignor, "does hereby assign, transfer and set over onto the Assignee [the Muse entities] . . . all of Assignor's right, title, interest and obligations under that certain Purchase Agreement. . . ."  The trial court found, pursuant to this plain language, that the assignment of the Purchase Agreements barred Hess' and Clearwater's claims.

In Hess I, we affirmed the trial court's entry of summary judgment in favor of PMG on Hess' claims for breach of contract and rescission.

Following remand from Hess I, the trial court proceeded to a determination of the remaining issue of entitlement and amount of attorney's fees and costs to be awarded against Hess and in favor of PMG as the prevailing party under the terms of the Purchase Contract.  PMG filed its

motion, and Hess filed a response in opposition, arguing that Hess' assignment of the Purchase Agreements to the Muse entities precluded an award of attorney's fees and costs against Hess. The trial court granted entitlement to attorney's fees and costs in favor of PMG and against Hess and Clearwater, ruling Hess and Clearwater are jointly and severally liable for trial and appellate attorney's fees and costs.

After conducting additional discovery, the parties stipulated that the number of hours expended, and rates charged, by PMG's counsel were reasonable. Following a hearing, the trial court entered judgment in favor of PMG and against Hess, Clearwater, and the Muse entities, jointly and severally, for trial court fees, appellate court fees, costs and post-judgment interest in the total sum of $507,500.00. Hess and Clearwater appeal this final judgment.

**STANDARD OF REVIEW**

In <u>Fallstaff Group, Inc. v. MPA Brickell Key, LLC</u>, 143 So. 3d 1139, 1142-43 (Fla. 3d DCA 2014), this court explained the proper standard of review:

> [A]lthough we generally review a court's ruling on entitlement to attorney's fees for an abuse of discretion, <u>Ocean Club Cmty. Ass'n v. Curtis</u>, 935 So. 2d 513 (Fla. 3d DCA 2006), where that ruling relies upon the interpretation of contractual provisions, our standard of review is de novo. <u>Kapila v. AT & T Wireless Servs., Inc.</u>, 973 So. 2d 600 (Fla. 3d DCA 2008).

6

## ANALYSIS AND DISCUSSION

Hess and Clearwater contend that the trial court erred in awarding attorneys' fees and costs where the trial court had previously determined Hess and Clearwater lacked standing to sue under the Purchase Agreements because of the assignment of those agreements to the Muse entities. We find no merit in this argument.

The trial court's award of attorney's fees and costs against Hess and Clearwater (as well as the Muse entities) was proper, notwithstanding its earlier determination that Hess and Clearwater lacked standing to assert contractual claims of rescission and breach of contract. The reason for this can be found in the express terms of the Assignment Agreement between Hess/Clearwater and the Muse entities, which provided:

> Notwithstanding the Assignment by the Assignor [Hess and Clearwater] to Assignee [the Muse entities], **the Assignor shall remain liable to Seller** [PMG] under the terms and conditions of the Purchase Agreement **until the closing of the transaction under the Purchase Agreement**.

(Emphasis added).

It is undisputed that "the closing of the transaction under the Purchase Agreement" never occurred. And because the closing never occurred, the

7

Assignor (Hess and Clearwater) "remain[ed] liable to Seller [PMG] under the terms and conditions of the Purchase Agreement."

The terms and conditions of each Purchase Agreement, in turn, provide that the prevailing party is entitled to an award of attorney's fees and costs:

> In the event of any litigation between the parties under this Agreement, the prevailing party shall be entitled to reasonable attorneys', paralegals and para-professionals fees and court costs at all trial and appellate levels.

This express term of the Purchase Agreement—to which Hess and Clearwater remained bound "[n]otwithstanding the Assignment of the Purchase Agreement" to the Muse entities—meant that if the transaction failed to close, and if PMG prevailed in the litigation under the Purchase Agreement, Hess and Clearwater "shall remain liable" for payment of PMG's attorney's fees and costs.

In light of the Assignment's plain language, the case law relied upon by Hess and Clearwater, see, e.g., Bank of New York Mellon Tr. Co., N.A. v. Fitzgerald, 215 So. 3d 116, 119 (Fla. 3d DCA 2017) ("Section 57.105(7), however, cannot transform a contract's unilateral fee provision into a reciprocal obligation where, as here, no contract exists between the parties."); U.S. Bank, N.A. v. Raheb, 259 So. 3d 912, 917 (Fla. 3d DCA 2018) ("Raheb did not prove at the hearing and there was no finding by the trial

8

court that both Raheb and the Trust were parties to the note and mortgage. Thus, Raheb is not entitled to fees here.") is simply inapplicable.[2]  We find no merit in the remaining arguments raised by Hess and Clearwater.

**CONCLUSION**

Pursuant to the Assignment Agreement, Hess and Clearwater "remain[ed] liable to [PMG] under the terms and conditions of the Purchase Agreement until the closing of the transaction under the Purchase Agreement."  Because the transaction Purchase Agreement failed to close, and because the Purchase Agreement provided for attorneys' fees and costs to the prevailing party, the trial court correctly determined that Hess and Clearwater were liable to PMG for attorneys' fees and costs, and properly awarded those amounts to PMG as the prevailing party in the underlying action.

Affirmed.

---

[2] In addition, we already rejected this argument in Hess I, when we issued our order granting PMG's motion for appellate attorneys' fees on the summary judgment issue. See Salta Inv., Inc. v. Silva, 584 So. 2d 172, 172 (Fla. 3d DCA 1991) (applying law of the case to order on fees: "[B]oth parties' motions for attorney's fees made to this court were denied. This denial of fees is conclusive as to that issue and controls as to the fees awarded in the instant case."); Langer v. Fels, 93 So. 3d 1069, 1071-72 (Fla. 4th DCA 2012) ("Like Salta II, appellate attorney's fees in this case were denied during the original appeal on the merits under the same statutory provisions that the trial court determined would entitle Fels to a fee award at the trial level. As such, we reverse the Fee Orders under consideration in this appeal.")